Page #1

United States District Court
Southern District of Illinois

SCANNED AT PINCKNEYVILLE CC and E-mailed
8/26/19 by DN 87 pages
date            Initials   No.

Darren Wilson #N95724
          vs.          Plaintiff

Illinois Department of Corrections et.al
    Scott Thompson, Warden
    Love  Warden
    Christine Brown, HCUA/ADA Coordinator
    S. Dorty  Warden
    other unknown agents and Contractor of the IDOC
    Sued in their individual and official capacities

                    Defendants

Case # 19-930-SMY

Complaint under 42 U.S.C.
Section 29 U.S.C. 794-94e.
Rehabilitation Act.
Section 12101 et seg ADA
42 U.S.C. 1997 et See CRIPA

Jury Demand

Complaint
Federal Jurisdiction

1. This Civil actions is authorized under 42 U.S.C Section 29 U.S.C 794-94e.
   Rehabilitation Act. and Section 12101 et seg. and 1997 swg. Americans With
   Disabilities Act and the Civil Rights of Institutionsalized Act. This Honorable
   Court has Jurisdiction under 28 U.S.C. 1331 and 42 U.S.C. 1343 (a) (3).

2. The Southern District of Illinois is the Appropiate Venue under 28 U.S.C.
   1391(b)(2) as all acts were committed at Pinckneyville C.C. IL Perry County and
   at Hill C.C. Knox County together on-going Violations

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

# II. PARTIES

A. Plaintiff:

Full Name: _Darren Wilson_

Prison Identification Number: _N95724_

Current address: _Pinckneyville C.C. 5835 State Route 154_
_Pinckneyville IL 62274_

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: _Illinois Department of Corrections_

Current Job Title: _I DOC_

Current Work Address _PO Box 19277_
_Springfield IL 62794-9277_

Defendant #2:

Full Name: _Scott Thompson_

Current Job Title: _Warden #1_

Current Work Address _Pinckneyville C.C. 5835 State Route 154_
_Pinckneyville IL 62274_

Defendant #3:

Full Name: _Love_

2

Current Job Title: Warden #3

Current Work Address: Pinckneyville C.C. 5835 State Route 154

Pinckneyville IL 62274

Defendant #4:

Full Name: Christine Brown

Current Job Title: HCUA / ADA Coordinator

Current Work Address: Pinckneyville C.C. 5835 State Route 154

Pinckneyville IL 62274

Defendant #5:

Full Name: S. Dorty

Current Job Title: Warden #1

Current Work Address: Hill C.C. P.O. Box 1700

Galesburg IL 61401

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?  ▓▓▓    No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒    No ☐

3

C. If your answer to B is yes, how many? ___*9*___ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number ___I Dont Rember The Rest only 2 15-1344 / 19-1352___

2. Basic claim made ___all medical Denied Treatment___

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) ___all Dismiss But one 15-1344___

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☒   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☒   No ☐

Page #5

ON-going Rehabilitation Act Violation By IDOC.
ON May 2, 2018 I Transfer From Shawnee C.C to
PinckneyVille C.C. Seg to Seg and I Was met By PinckneyVille
Five days A Week LT. Walls and I informed LT. Walls That
I am handicap and I need to Be in An ADA Cell With
hand Rails on the Wall By the toilet to help me on and
off the toilet. I Was Then Place in Seg Cell A-24 With
out any Support of Rails. Then on 5-2-18 This Same day
I had to use the toilet and I slip and fell and I Reported
to LT. Walls my fall With out Rails he did nothing. The
Next day May 3, 2018 I Was Seen By The Prison Doctor
and I Reported my fall due to No Rails in Seg cell A-24.
Then the Doctor looked over my medical file and Saw I Requires
ADA Cane, 2 Knee Braces, Shower chair, Rail, low Bunk, low Gallery
Then This Doctor Wrote A order (See Exhibit-A). on This
Same day 5-3-18 I informed LT. Walls Again That I need
to Be in An ADA Cell With Rails he Still did nothing to
help. I Then Wrote Emergency Grievance on 5-3-18 to
inform the Warden That I am handicap and I fell due to
No Rail in Seg Cell A-24 and I am at Risk for further injuries
if not Place in ADA Cell With Rail By the toilet. Then on 5-9-18
The Warden K. Jaimet Received my Emergency Grievance
and check The yes Box and Agree my Grievance is Emergency
(See Exhibit-Q) Defendants Warden K. Jaimet and LT. Walls
Still Left me in This unsafe Conditions cell With NO Rails for Support.

Page#6



I also Wrote The Warden of ProGrams and The
ADA Coodinator to inform Them That my ADA
Rights Violated With discrimination under Rehabilitation Act.
No Respond Because once The Number one Warden Deem
My Grievance as Emergency it goes to The ADA Coodinator
and the Warden of ProGrams for ADA Reasonable Accommodations
for qualified individual With A disability. Clearly I am
qualified With limited Range of motion With my Leg and Knee
Dont Bend With Bad Back. Along With my Grievance I filed
on 5-3-18 I Sent A Copy of State of Illinois Department
of Corrections Counseling Summary Showing Prior to
Plaintiff Transfering to PincKneyville C.C. Shawnee C.C. Provided
Plaintiff A Reasonable Accommodations in Providing ADA
Cell With Rails. it Was A Delay But Plaintiff Was require
Rails (See Exhibit- U) While in Seg. here at PincKneyville C.C.
Defendants Warden of ProGrams S. Thompson and ADA
Coodinator Christine Brown all Defendants "ignore Plaintiff
ADA Requests Now on May 27, 2018 Plaintiff Suffer
another fall and injured my hand and fingers and I Filed
another Emergency Grievance on May 27, 2018 the Warden Received
on May 29, 2018 and Deem as Emergency Grievance (See Exhibit- A)
and Still did not move me to An ADA Cell With Rails I am in
Danger for further risk of more injuries in unsafe condition cell With no Rails
I informed Defendants ADA Coordinator C. Brown an Warden S. Thompson,

Page #7

Still No Response. Now on May 30, 2018 I fell again and injured my head and Right Knee and Cause further Damage to my Right Knee Now I need Surgery due to on-going falls Without Support and I Wrote another Grievance on May 30, 2018 and The Warden Deems as Emergency ~~~~ and the Warden Received on 5-31-18 and Still No one did anything to help me (See Exhibit-S) Now Plaintiff about to get out of ~~~ Seg on June 7, 2018 So on June 4, 2018 I Sent Another ADA Request to Defendant ADA Coordinator C. Brown to inform her That I get out of Seg on 6-7-18 and Prior to Transfering to Pinckneyville C.C. I Was always Place in Housing Unit #1 Permanent due to my Knee and Back give out While Walking to far. due to me having lots of medical Problems unit #1 always Close to healthcare. and I also Request my ADA Shower Permit to Take An ADA Shower.~~~ I Sent ADA Coordinator C. Brown A Copy of my Permanent Housing Permit so when I get out of Seg I Want Be Place in 4 or 5 House Which is the Last to House is A long Walk to the Chow Hall and Healthcare. She Responded at the Bottom of my Permit I Sent her (See Exhibit-T) NOW Since I did not get A Permit ~~for~~ here at Pinckneyville C.C. I Was Place in 4 House to far for me to Walk and I Wrote C. Brown inform her to Call Placement to Let Them Know about my medical Condition With my Knees and Back. I had To go to Mental Health an explain my condition then I was move.

Page# 8

~~Counters~~

I Was move to Two House Thanks to mental Health Now While in 2 House With out ADA Permit Change over From Shawnee C.C. to PinckneyVille C.C. The officer's Said I Cant Take An ADA Shower Because I dont have A Shower Permit From Pinckneyville C.C. and Same With ADA Cell With Rails I'm Still Being Denied to Be Place in An ADA Cell With Rails Because The officer's Said I need Paper Work From Pinckneyville C.C. State I need to Be in An ADA Cell With Rails and ADA Shower Permit. I have Been Requesting ADA Accomodations With ADA Cell An ADA Showers Since I Transfer to PinckneyVille on S-2-18 on June 27,2018 I fell and injured my Back and finger further Damage due to Denied Me ADA Cell With Rails See injury Report (Exhibit-V) on July 10,2018 I met With Defendant C. Brown ADA Coordinator Face to face and I Requested to Be in ADA Cell and to Take ADA Showers on This day C. Brown had the Physical Therapist To Show me how to Sit and Stand using my Cane getting on and off the toilet She doing this Just to Keep from Putting me in An ADA cell With Rails Clearly my ADA Request is to Be Place in ADA Cell and Shower not for the P.T to Show me how to get on and off To. let Using only my Cane (See Exhibit-W) This not What I Want I Want to move

Page #9

To An ADA Cell and Take ADA Shower. Now on July 12, 2018 I Requested to Be Transfer out Because it Causing me to much Problems Being here at Pinckneyville C.C. I am Being Discriminated against Because I use A Cane for support and not A Wheel Chair. This is Why I'm Being Denied ADA Cell and ADA Shower I Was told By C.Brown and Warden Love Now A Defendant Because he is the New Warden of Programs and he's Denying me ADA Shower And ADA Cell Along With C.Brown and Warden S. Thompson. They Said only Wheel Chair inmates Take ADA Shower and To Be Place in ADA Cell With Rails. on July 12, 2018 C.Brown Denied me ADA Cell and She told me I am not going to move in ADA Cell or Take ADA Shower only Wheel Chair inmates. on July 12, 2018 C.Brown Lied in her Notes By Saying I Denied moving in ADA Cell With Rails This not True. Now at first She Wanted The P.T to Show me how to use my Cane and Walker to get on an off the toilet Now She Want me to use A Shelf Thats not A Rail Cane or Walker not A Rail. She's Violating my Right By Denying my ADA Request Then She Went on to Say in her Note Dated 7-12-18 for me to let her Know if I Change my mind (See Exhibit-X) forcing me to use Toilet With out Rails Causing me A lot of Pain

Page # 10

~~Contention~~

To Proved That Defendant C. Brown Lied in her Notes Doted 7-12-18 By Saying I Denied moving in ADA Cell With Rails The Doctor Wrote A order from my Request to move me In ADA cell on 7-14-18 and I Was Still Denied By all Defendants The Warden Love Warden S. Thompson ADA Coordinator C. Brown. See Doctor order Recommend inmated to move to ADA cell and I Was Denied See Doctor Notes July 14, 2018 (See Exhibit-Y) This Same Physical Therapist C. Brown told to Show me ~~the~~ How to Use my Walker to get on and off the Toilet Noted on July 19, 2018 States inmate With Multiple Requests on this Date Speaking With HCUA which is C. Brown about moving to ADA Cell I Was Still Denied and Plus This Proved C. Brown lied on her Notes Dated 7-12-18 I Never told her I Dont Want to move to ADA Cell See PT Notes Dated 7-19-18 Clearly I Request to move to ADA cell to C. Brown (See Exhibit-Z) also See Doctor Wrote A order for me to Take An ADA Shower Same as Wheel Chair and I'm Still Being Denied See Doctor order States Plaintiff Requires ADA Shower (Exhibit-Y) Now Since I Been Denied ADA cell and Shower I Trip over The lip Across the Shower floor and fracture my Left Knee Now C. Brown Denying me Safe conditions, Shower With out A lip Across ~~the shower floor and fracture my Left Knee~~

Page #11

~~Continued~~

The Shower Floor, I Request to Remove The lip out The Shower oR make A Ramp oR Send me to Health Care Shower Where There are No Lip But C. Brown Said in her Response There are No Need to Shower in HealthCare Because HealthCare have A lip In The Shower to. What She did She Admited That PincKneyVille C.C not in ADA Compliance and This is ADA Prison There Should not Be any lip Across The Shower floor Even The WheelChair have Problem Rolling over The lip Now I Suffer A fracture Left Knee See Exhibit #1 also See Defendant C. Brown Response (Exhibit 2) also See The Warden Response he Denied my ADA Request (See Exhibit-3) This inmate Name John K. ADams #No. A-97885 he has The Same DiSability. his Leg and Knee Dont Bend But he AlloweD to Shower at Special ADA time (See Exhibit-4) Affidavit By John ADams. (Exhibit Q, R, S) aRe 3 Emergency Grievances Thats was file May 2018 and it Took The Grievance officer five months to Say issue has Been ADDress Because inmate have his Cane Plus inmate in Cell 2-C-31 which is An ADA Cell ~~is so took this~~

Page 12

I Was Provide A Walk to use only as Rails (See Exhib, 9-4)
Defendants giving False information Because 2-C-31 is not
An ADA Cell for Physically Challenged inmates No Rails, Placement
listed all ADA cells With Rails as follow: 14, 16, 18, 32, 34, 36,
(See Exhibit-5) There is No Cell 31 ADA Cell which is The Cell
I Was in from June 2018 til Jan.6, 2019 Then I Was move
to Cell 2-A-38 and I Was With out Rails and Shower Chair
in The Shower and I fell and injured my knee further (See Exhibit-5)
Placement Said They did not know I Was Physically Challenged in of
ADA cell With Rails or shower Chair Because Defendant
Christine Brown ADA Coordinator did not inform Placement That Plaintiff
needed to Be Place on Physically Challenged list (See Exhibit-5).
Now Defendant Christine Brown Finally Place me on The Physically Challenged
list A year Later and Place me in ADA Physically Challenged Cell
With Rails By the toilet to help me on and off the Toilet
The Right Way This Was 2-10-19 I Was Place in ADA Cell and
4-4-19 I Was Place on Physically Challenged list (See Exhibit-6).
Since I Been Place on Physically Challenged list and Place In
An ADA Cell With Rails I have not fell inside my Cell. And
No Problems using the toilet due I have Proper Rails in Cells.
But I am still having Problems With Shower due to Denied
ADA Showers That I Requires See Doctor order (Exhibit 7) and
I am force to use Shower With lifts Across the Shower floor
in the Housing unit Shower and Denied to Shower in HealthCare due to
ADA Coordinator C. Brown Said lifts are in Health Care Shower to. She
Admits Pinckneyville Showers not ADA Compliance (See Exhibit-2)

Page# 13

Cause of the lips in the showers cause me to Trip and fall
and fracture my (2) Knee and I'm still Being force to Shower
in unsafe condition Showers, Because I have No Say So
I have to Shower and all Defendants Clearly Aware That
my Leg and Knee Dont Bend and I'm always Trifing and
falling Every time I have to step Across lips in the Shower.
I had this Same Problem in A Prior LawSuite Case# 15-1344
Which Defendants Just Settl out in Court due Plaintiff
force to Shower in A Shower with lips Across Shower floor at Hill c.c.
(See Exhibit-7) also see seventh Circuit Court States Each time
Plaintiff Was force to use the inaccessible shower with
lips Curbed is DisCRimination under the Rehabilitation (see exhibit 8) Page#-4.
and Defendants said its me No need to Shower in HCU as
it has a lip in the Shower So Water does not go Everywhere
(see Exhibit-2) Defendants Stated the Same in Case# 15-1344
Which the Settle out in Court. Defendants Keep on-going ADA
DisCRimination Violations to Plaintiff. on April,15,2019 I was going
on A Court Writ and due to my Leg and Knees Dont Bend I
use the Aid of Walking Cane and Was Place in Restraints and my
Cane Was Taken Away due to it was Very difficult for me
to use my Cane during Transport in Restraints and Defendants.
Take Away my Cane and Then Provided A WheelChair. With or
With out A Wheel Chair its Very Difficult for me Stering up into
The State Van due to my Leg and Knee Dont Bend. I Was force to
Craw on my Back Side to get in and out the State Van and I

Page# 14

injured my ② Ankle Trying to get in and out the ~~~~
Regular State Van When any time inmates are Transported
in A WheelChair Shall Be Transported in A State ADA Van.
Defendants made it Very hard for me and Difficut getting in
and out a Regular State Van Cause A serious injury to my ② Ankle
and the Shift Commander Agree I should Be Transported inside
An ADA Van due to Difficut for me to walk With restraints
on (See Exhibit-9). Now on June 17, 2019 my Back and Knees
goes out on me in A lot of Pain Walking up and Down stairs
due to the ~~~Elevator Broke for five months and still to this
day August 21, 2019 the Elevator still Broke Now I have to
limit my Law Library due to Defendants Wont make Ramps
OR Repaired the Elevator. (See Exhibit-10) on-going ADA
Violations By Defendants on July 3, 2019 Plaintiff had another Writ
and on June 26, 2019 Defendants Contacted PinckneyVille C.C.
States Defendants Direction has been given to schedule appointments
and Writs in conjunction With ADA Van availability in the future
(See Exhibit-11) on July 3, 2019 Plaintiff had another Writ
and Defendants force Plaintiff to Be Transported on A Big Bus
With Restraints on And made it Very Difficult Trying to use my
Cane. I should have Been Provided a WheelChair doing Transported
on A Writ. I Was not able to Sit Properly On the Bus due to
My Leg and Knees dont Bend Between The Seats. I had to Sit
Side Ways Cause Damage to my Back and Knees. Defendant C. Brown
States the only ADA Accommodations I Can get to Sit SideWays. See Exhibit-12).

Page 15

This Discrimination When my Knees Dont Bend I cant
Sit The Proper Way Same as other inmate. If I Was
Accommodated doing Writs With the ADA Van as
Defendants Agreed on in Grievance #1168-04-19 (Exhibit-9).
Defendants Still Discriminating on-going against Plaintiff
as Stated Plaintiff Settle out With Defendants in Case# 15-1344
due to Hill C.C. Shower and Cells No Rails With lips
Across Showerfloor, on July 3, 2019 Defendants Sent Plaintiff
Back to the Same Prison Hill C.C. Where Plaintiff Settle out
on Lawsuite in Case# 15-1344 due to No Rails and
lips in Shower. Now on July 3, 2019 Plaintiff Put
The Warden and ADA Coordinator on Notice he Need
Rails Shower Chair and Need to Shower and this Nurse
APlummer told me today on 7-3-19 nothing in my files
Shows I use ADA Shower With out lips and need
Shower Chair (See Exhibit-13) on July 5, 2019 I
Was With out A Shower Chair and I Trip over
The lips Across the Shower Floor and injured my
foot and Ankle and Knee See Defendants Response
States I Dont have A order for ADA Shower Using
Shower Chair and Rails and lips. See Exhibit-13.
I Do C Defendants all Clearly aware of my
Disabilities And I Should have never Been Sent Back
To Hill C.C. I also Talked to Hill C.C. Warden
She's Aware, Hill C.C. and Pockneyville C.C. on-going ADA
I have A order for Rails shower chair (Exhibit-SP-y) Violations to me.

Relief Requested

Plaintiff Darren Wilson respectfully request that This Honorable court issue a decree finding the defendants in Violation of the American With Disabilities Act and the Civil Rights of Institutionalized Person Act. That each and every defendant be compelled to comply with all laws, act and regulations as to the Rights of the Plaintiff as a disable Person. That each and every defendant be ordered to attend a Seminar to educate Them as to their Responcibilities to imates under the ADA and CRIPa. That each and every defendant Pay Plaintiff an amount Set by This Honorable Court deems fair and appropriate. For Violation under Rehabilitation ACT ADA for injuctive Relief

for any and all declartory relief.

for an order to defendants to Cease Such Practice Which are not in accordance With ADA and CRIPa.

For monetary damages due to the unnecessary infliction of Phisical and emotional Suffering by each defendant.

any and all ther relief that This Honorable Court deems in This matter.

Darren Wilson #N95724

PinckneyVille C.C.

5835 State Route 154

P O BOX 999

PinckneyVille IL 62274

RELIEF REQUESTED

(State what relief you want from the court.)

Darren Wilson

Darren Wilson

8-21-19

IN THE _U. S. District Court_

_Southern District_

_Darren Wilson_
**Plaintiff/Petitioner**

)
)
)
)                    No._____
)
)
)

_I DOC_
**Defendant/Respondent**

## PROOF/CERTIFICATE OF SERVICE

TO: _Clerk of Court_          TO: _____

_____          _____

_____          _____

_____          _____

PLEASE TAKE NOTICE that at: _10_ (AM)/PM _August 21_, 20_19_, I
placed the documents listed below in the institutional mail at _____
Correctional Center, properly addressed to the parties listed above for mailing through the
United States Postal Service. _Complaint_    _ADA_

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury
that I am a named party in the above action, that I have read the above documents, and that
the information contained therein is true and correct to the best of my knowledge and belief.

DATED: _8-21-19_

/s/ _Darren Wilson_
Name: _Darren Wilson_
IDOC No. _N95724_
_Pinckneyville_ Correctional Ctr.
POB _5835 State Route 154_
_Pinckneyville Il 62274_, IL

Revised 4/15/16

Exhibit-P

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

PINCKNEYVILLE CORRECTIONAL Center

Offender Information:

| Last Name | First Name | MI | ID# |
|---|---|---|---|
| Wilson | Darren | | N95724 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 5/1/18 1200PM | Medically Cleared For Segregation Placement | [illegible signature] |
| | MED CALL LINE<br>WT 203 B/P 130/80 P 80 R 18 T 98.2<br>DATE 5/3/18 TIME 1230p | Plan<br>(1) [illegible] B/Lb, [illegible]<br>(2) [illegible] cane [illegible]<br>(3) [illegible]<br>both sides<br>(4) may have chair [illegible]<br>shower, [illegible]<br>(5) [illegible] F/U<br>[illegible signature] |
| [illegible] | [illegible] | Noted 5/3/18 [illegible signature] |
| | O: [illegible]<br>[illegible] | |
| | ( [illegible] ) | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

Exhibit [handwritten scribbles]

[handwritten top margin notes, partially illegible]
more Damage to my Self without Rails

A-24

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| **Date:** 5-3-18 | **Offender:** (Please Print) DaRReN Wilson | **ID#:** N95724 |
| **Present Facility:** PickneyVille C.C. | **Facility where grievance issue occurred:** PickneyVille C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☒ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): ADA

☐ Disciplinary Report: ____/____/____
　　　　　　　　　　　　Date of Report　　　　　　　　Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　Chief Administrative Officer, only if EMERGENCY grievance.
　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　Administrative Officer.

**Brief Summary of Grievance:** PickneyVille C.C. not in Compliance with ADA, ACT is Violations.
I am A handicaP inmate Thats Being Denied ADA accommodations
on 5-2-18 I Transfer from Shawnee C.C. Seg to Seg. PRioR to Coming to PickneyVille C.C.
I was accommodated with ADA Cell with hand Rails while in General Adulation and Seg on
5-2-18 I Wrote HCUA and ADA Coordinator informing them here at PickneyVille C.C. I am handiceP
and I Was Place Seg to Seg in A None ADA Cell with No Rails oR my cane and I SliP on 5-2-18 Trying
to get off the Toilet Where I have Problems with out suPPort of Rails and my SliP Could have Been Worse.
I did not get any Respond Back from HCUA oR ADA Coordinator and I am at further Risk of falling with
out Railsand ADA Cell. Now on 5-3-18 I Was Exam By PickneyVille c.c. on DoctoR Who Notice my
limited medical Conditions. and he clearly said all my order from Shawnee c.c. he's going to follow uP on Them Same
orders. Now he said the ADA is out his hands and Now I am in forming The WaRdens and most WaRden of
~~Re~~ [crossed out] ProGrams That I need to Be in ADA Cell With Rails While in Seg and once out of Seg.
my life is at Risk of falling due to I have History of falling due to I cant get uP off Toilet with out Rails.
**Relief Request→** To Be Place in ADA Cell With Rails oR to Be given my cane With No Collie.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| DaRReN Wilson | N95724 | 5, 3, 18 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

**Date Received:** ____/____/____ 　☐ Send directly to Grievance Officer 　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** _____

| | | |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

RECEIVED

---

**EMERGENCY REVIEW**

(USE-19)

**Date Received:** 05, 09, 18 　Is this determined to be of an emergency nature?

☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated.
Offender should submit this grievance in the normal manner.

K. Kimme [signature]
Chief Administrative Officer's Signature

05, 09, 18
Date

# State of Illinois - Department of Corrections

## Counseling Summary

Exhibit-U

| | | | |
|---|---|---|---|
| **IDOC #** | N95724 | **Counseling Date** | 04/18/18 14:29:25:897 |
| **Offender Name** | WILSON, DARREN | **Type** | Personal |
| **Current Admit Date** | 10/28/1994 | **Method** | Face To Face |
| **MSR Date** | 01/09/2025 | **Location** | SHA  SEGREGATION |
| **HSE/GAL/CELL** | S -01-32 | **Staff** | LYNN, DANIEL T., Correctional Counselor II |

ROUTINE SEG ROUNDS -- Inmate requested a seg pen.  Maintenance has been notified of your inquiry about the handicap rails in Seg 1-31, 32, 33 and 34 for A.D.A.  It is my understanding you were moved from Seg 1-18 to Seg 1-32 due to there being handicap rails installed in cell 32.  You were moved on 4/7/18 to cell 32.  Per LTS Supervisor Kotter there is no A.D.A. gym time solely designated for handicap inmates.  You do not have a medical transfer stop as of todays date per O360.  You have been submitted for a disciplinary transfer but it has not been approved by Springfield yet.  There are no current medical furloughs scheduled on O360 for you.



RECEIVED

SEP 10 2018

ADMINISTRATIVE
REVIEW BOARD

**Print Date** 4/18/2018

05-84-18

S-5-C-20

**OFFENDER'S GRIEVANCE**

| Date: 5-27-18 | Offender (Please Print) DaRRen Wilson | ID#: N95724 |
|---|---|---|
| Present Facility: PinckneyVille C.C. | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify)

ADA

RECEIVED
MAY 29 2018
GRIEVANCE OFFICE
PNKCC

- [ ] Disciplinary Report ____/____/____
   Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): PinckneyVille C.C. are not in Compliance With ADA, it is the Policy of IDOC on 5-2-18 I Transfer from Shawnee C.C. Seg to Seg to PinckneyVille C.C. and I have A Disibility and I Put PinckneyVille C.C. Warden ADA Coordinator on Notice of my on-going Disability and my ADA neds for ADA Accomodations Showerchair-Cane-Shower and ADA Cell With Hand Rails- and Personal Aid - ADA Gym-I also Put Seg Lt. Walls on notice That I am handicap and I have A History of falling With out the Support of my Cane and Rails. on 5-2-18 I fell in Seg Cell 5-A-24 I Wrote Emergency Grievance on 5-3-18 to the Warden informing him I fell and I am at RISK of falling Again With out Support of my Cane or Rails in Seg cell No Response Now on 5-27-18 I fell again in Seg Cell 5-C-20 and Witness by Seg officers and Nurse Staff due to my fall I have Received A Serious injury to my Right hand and 2 fingers. I am at RISK for further injuries With out ~~my~~ my ADA Accomodations Cane or Cell With Rails. This is on-going While at shawnee C.C. I had This Same Problem and Then They got in ADA Compliance by installing hand Rails See Exhibit-A. →Relief Requested→ move to A Cell With Rails or installed Rails or Give my Cane Without A Collie.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Darren Wilson                    N95724        5, 22, 18
   Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | ____/____/____ Date of Response |
|---|---|---|

**EMERGENCY REVIEW**

| Date Received: 06/01/18 | Is this determined to be of an emergency nature? | [x] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

C5E-83

RECEIVED
MAY ~~...~~
GRIEVANCE
PNKCC OFFICE

K. ____ (illegible signature)
   Chief Administrative Officer's Signature

06/01/18
   Date

Distribution: Master File, Offender                 Page 1                 DOC 0046 (8/2012)

(Left margin handwritten notes:)
Exhibit-B

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 5-30-18 | Offender: (Please Print) DaRRen Wilson | ID#: N95724 |
|---|---|---|

| Present Facility: PinckneyVille C.C. | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [X] Disability
- [ ] HIPAA
- [X] Other (specify): ADA

- [ ] Disciplinary Report: ____/____/____ Date of Report / Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Going PinckneyVille C.C. not in Compliance With ADA on 5-30-18 I fell in Seg Cell 5-C-20 and hurt my head and Knee due to Know Support of Cane or hand Rails, I Been in the Cell By my self since 5-2-18 and I DoC Staff Still Denying me my Cane or Cell With hand Rails. This my Third Time Falling Since Transfering to PinckneyVille C.C. on 5-2-18 I wrote 3 Emergency Grievance Still Know one did anything and I Put Them on Notice I have A History of Falling With out my Cane or Rails See Injury Report HCU. I am at Further Risk Without Support of Cane or Rails

**Relief Requested:** I am in A Cell By My self Why I Cant have my Cane or Move me to A Cell With Rails or Place Rails in the Cell

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Darren Wilson | N95724 | 5, 30, 18 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

### EMERGENCY REVIEW

| Date Received: 05/31/18 | Is this determined to be of an emergency nature? | [X] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

05-31-18

| K. Reinut | 05/31/18 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

Exhibit-I
1 of 2
To: HCUA
mrs Brown

Please Read ASAP Plese →

Placement needs A Copy of
Pinckneyville 1, Housing Permit
Before I get out of Seg on 6-7-18

Seg 5-C-20

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

Offender Name: DaRRen Wilson    ID #: N95724  Living Unit: _____

Job Assignment: _____    Shift: _____

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: MRS. Brown HCUA → Plese Check my medical Records Doctor Notes

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify) 5-5-15 and 3-23-18

for the purpose of (explain): MRS. Brown I have nothing But Respect for and your medical Staff. I Just Transfer here on 5-2-18 Seg to Seg and on 6-7-18 I get out of Seg and I dont want Know Problems. I Cant Stand and Walk to long With Out falling due to my Chronic head- Back-Knees Condition. I need my Housing Permit change over to Pinckneyville C.C. Unit-1 I also need my shower Chair Permit

Darren Wilson _____    6-4-18 _____    Thank you
Offender's Signature    Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary) : _____    Remarks by supervisor (if necessary) : _____

_____    _____

_____    _____

Print Staff Name    Print Supervisor Name

Staff Signature    Date    Supervisor Signature    Date

Distribution:  Affected Unit    *Printed on Recycled Paper*    DOC 0286 (Rev. 4/2010)

Exhibit-1.
2 of 2



## Illinois
### Department of
## Corrections

**Bruce Rauner**
Governor

**Donald Stolworthy**
Director

Hill Correctional Center
600 Linwood Road, P.O. Box 1327
Galesburg, IL 61401

Telephone: (309) 343-4212
TDD: (800) 526-0844

# MEMORANDUM

DATE:     May 5, 2015

TO:        Stephanie Dorethy, Warden

FROM:     Lois Lindorff, RN, HCUA

SUBJECT: Permanent Housing Permit

A **Permanent** Permit to live in R1 C wing has been issued by the Physician for Inmate – Wilson, Darren/N95724 due to a medical condition.

Thank you.

CC: Placement
Inmate Medical File
Inmate

*The file reflects you recieved permits for your Cane & braces. You also have a permit for lowbunk, Low gallery and your shoes. You do not need a shower permit here. All offenders who use assistive devices to ambulate are allowed to use the shower chair.*

*Ct Brown n A*

IDOC Hill Med Recs 000429



Exhibit-V

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Outpatient Progress Notes**

Pinckneyville Center

Non-Specific Discomfort

**Offender Information:**

Last Name: Wilson   First Name: Darren   MI: ___   ID#: N95724

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | RN NOTE   LPN/CMT NOTE | P) MD Referral if: |
| 6-29-18  9ᵃ | S) - Any Allergies? NKA | |
| | - Location of pain / discomfort?  (R) ↓ Back - fingers (R) hand | - Patient presents more than twice at NSC for c/o same discomfort within one month/ |
| | - Describe pain  Stabbing   Throbbing   Constant   (Intermittent)   Etc. | - Patient presents with signs of acute, severe discomfort |
| | - Have you had this pain before and how was it treated?  Injured fingers - Past Hx | - Patient has abnormal vital signs |
| | - Rate pain level-scale of 1 — 10?   2-3 | |
| | - Duration of pain?  ache when I move back or fingers | No MD referral: |
| W/c | O)  T 98  P 84  R 20  BP 132/70  WT UTO | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) |
| | - Signs of obvious discomfort  Ø red marks or bruising on back | - Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) |
| | Ø limit to ROM - fingers sl. deform and sl. stiff | (Patient Teaching: |
| | - Observations related to body part affected  Has Back brace on | - Return to see provider if symptoms worsen or interfere with daily functioning |
| | States make sure injury is documented | |
| | I/m reports he fell off toilet and injured back + hand on 6-27-18 in cell - NO Witness | |
| | Wants to be seen by MD | |
| | | Nurse Signature  Hall [signature] |
| A) Non-Specific Discomfort | | Payment voucher   (YES)   NO |

1

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Exhibit-P

W

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Pinckneyville Correctional _____ Center

**Offender Information:**

| Wilson | Dairun | | ID#: N95724 |
|--------|--------|--|-------------|
| Last Name | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| | PT note | |
| 7/10/18 1245 | S) "Same, same, same." A. reports sub. exercise | P) Cont. PT per PDC |
| | O) Please see PT flowsheet for treatment | |
| | A) PT x tol. session w/ul | |
| | S) No improvement | |
| | O) ROM | Hanson, PTA |
| 7/10/18 1315 | O) This clinician et HCUA Chris Brown discussed | P) Cont PT per PDC |
| | cell house accomodations. Pt | |
| | Practiced sit ↔ stand | |
| | using only rue due to | |
| | pt. 9b getting on/off | |
| | the toilet | Hanson, PTA |
| | A) Pt. able to sit ↔ stand utilizing only | |
| | rue for suppost < tolan | |



ExhiBit A

X

1 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional Center

Offender Information:

Wilson                    Darren                    ID#: N95724
Last Name                 First Name         MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | PT note | |
| 7/12/18 1300 | S) "I think I'm going to transfer out I'm causing too much p(oblems here." O) Please see PT flowsheet for treatment A) Pt. tol session well P) 5∅ | P) Got. PT per POC _____ Pearson, PYD |
| 7/22/18 1305 | RN HCUA Note: S) "I'm ok in my cell I caness the step to get off the toilet I don't want to gots a 4 man wheelchair cell." O) Explained to him only the w/c cells have handles on walls to use when getting off the toilet. Numerous offenders in cells ≅ canes, crutches | P) Offered to move to an ADA w/c cell if he needed hand rail to get off the toilet. Pt. denies at this time wants to try using the shelf by the toilet (bolted to wall) ───→ over |



Exhibit-
2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Pinckneyville Correctional _____ Center

Offender Information:

Wilson          Darren          ID#: N95724
Last Name       First Name      Mi

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| Cont<br>7/10/18<br>13^05 | in regular cells that use the mounted shelves on the wall to get up if they need assistance. He ambulates down hall ē steady gait. Climbed on Exam table ē diff. Move O leg + hands ē difficulty. | and his walker at this time. Continue PT to strengthen and practice getting up + down + in + out of chairs. Explained to let me know if he S's his meds |
| | A) Educated on ADA accomodation | (PT) Barosh to C |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DOC 0084 (Eff. 9/2002)<br>(Replaces DC 7147)

Printed on Recycled Paper

Exhibit-Y
1 of 3

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Pinckneyville Correctional _____ Center

Offender Information:

| | | | |
|---|---|---|---|
| Wilson | Darren | | ID#: N95724 |
| Last Name | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7-14-18 | MD CALL LINE 134 | (P) Flu Dr Majais. |
| 10:30 | 204 T: 110 R 20 98° | recommend re-evaluating |
| | 7/14/18 | patient to ADD cell. |
| | (S) Patient w/o c/o frozen | Caldwell RN |
| | rt. Knee and per left | |
| | knee and rotator cuff | |
| | impingement | |
| | (O) whats stable, lt. knee | |
| | bruised adductor (strees and | |
| | strain to left knee and | |
| | shoulder. Patient has | |
| | paper work for rad in | |
| | cell. | |
| | (1) right knee pain | |
| | (2) Left shoulder rotator | |
| | cuff impingement. | |
| | (3) Arthritis lumbar | |

DOC 0084 (Eff. 9/2002)
(Replaces DC 71 17)

Printed on Recycle Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

_____ Pinckneyville _____ Center /

Exhibit-Y
2 of 2

Offender Information:

Wilson        Darren        ID#: M95724
Last Name        First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10-11-18 12:00pm | pt approved in collegial approval with Knee specialist | |
| | | Solove, SA |
| MD CALL LINE 207 - 174  10  18 - 96. 8  DATE: 10/12/18 | | |
| 10/12/18 12:57 | S: John's medicine B29 but continues to have Pain - Knee + Shdr.  O: shd/ information reviewed  A: chronic bilateral Knee + Lt Shldr Pain | P: 1) Tx requires an ADA shower. 2) Chronic shoulder + Knee complaints 3) Naprosyn 500 mg PO PRN BID x 6 m w/ 4) Hydrocortisone Cr 1% apply 4r ADA PRN BID x 6 m 4r 5) Extra large (compression) stockings. (stockings) |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 10-8)

Exhibit-Y
3 of 3

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional _____ Center

Offender Information:

Wilson ____ . ____ Darren _____ . ____ ID#: N95724
Last Name            First Name      MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10-17-18 9:00am | PRN Note<br>S) "I need ADA shower"<br>O) Educated IM that the Dr. approved his ADA shower & collegial for eval for knee specialist<br>A) resubmit as needed | P) PRN NSC<br><br>A. Wright LPN |
| 10/18/18 9:00AM | PRN Note<br>S) "I want my ADA shower"<br>O) Educated IM on writing med. records<br>A) IM refused to sign refusal or copay – puts in for NSC almost everyday. | P) PRN NSC<br><br>A. Wright LPN |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces PC 71-7)

Exhibit-2

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Pinckneyville Correctional**   Center

Offender Information:

Wilson   Darlen   ID#: N95724
Last Name        First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 7/19/18 1135 | PT note cont<br>Pt. with multiple requests this date, ē knee sleeve, speaking ē HCUA, move to ADA w/l<br>O) Please see PT flowsheet for treatment<br>A) pt tol. session well, however there is<br>O) noticeable improvement in ROM or strength | P) F/U ē PT NSC PRN<br>Leason, PTA |

*Printed on Recycled Paper*

09/11/2018   10:01   3098621302          BLOOMINGTONRADIOLOGY          PAGE   06/07



OneRadiology
Normal, IL 61761
Date: 09/10/2018

Patient: Wilson, Darron
ID: N95724
D.O.B.: 08/07/68
Ordered by: Dr. Myers
Pinckneyville Correctional Center

LEFT KNEE, TWO VIEWS 09/07/2018:

HISTORY:  Fall; pain.

FINDINGS:   A small joint effusion is seen.

There is a tiny bony fragment noted in the lateral joint space which may represent a tiny avulsion fracture.  Please correlate clinically.  A follow-up study is recommended.

The bony alignment remains normal.

Signed _____
                    N.  Yousuf, M.D.

NY: cah
DIC: 09/10/2018 .

Films from Pinckneyville Correctional Center

MD Review  9/11/8
Date: _____
Nurse: _____
Doctor: _____
Pull Chart: _____
See patient: _____
File: _____

Exhibit 1
2013

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Pinckneyville Correctional Center

Offender Information:

Last Name: Wilson   First Name: Darren   MI: ___   ID#: N95724

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12/4/18 4:30 pm | NP note | P: Cancel MRI - will obtain |
| | S: ∅ | X-ray to ⓁKnee in JAn 2018 to |
| | O: Spoke c̄ Dr. Myers. - re: | See if Any chANges prior to |
| | Ⓛ knee results from Sept 2018 | ordering further testing. |
| | Inm has concerns. (See Plan) | |
| | A: - PAin to Ⓛ knee | |
| | - Tiny Avulsion fx to | |
| | Ⓛ Knee (on last X-ray results | |
| | in Sept. 2018 | |
| | | Ari Deamored NP |
| 12/5/18 9:20 | UN note S) "want to know about my shoulder" O) Pt awaiting to here back from collegial for his Ⓡ shoulder A) Shoulder | P) Awaiting to see if collegial consult is approved. USC/RN ___ |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Exhibit 1
3 of 3

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

<u>PINCKNEYVILLE CORRECTIONAL</u>   Center

Offender Information:

Wilson                    Darren                    ID#: N95724
Last Name                 First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| BP <u>135</u> ___ P<sub>208</sub> R<sub>83</sub> O₂ 16 T 99³  12/3/18  Time: 1:40pm | S: Here for problem (L) knee — States had A X-ray done in Sept 2018 for it. States painful — Affects his walking  O: A+O x3. Walks c̄ A cane — (L) Knee shows no visible swelling or redness. Hx of a fall in shower (Sept 2018) — X-ray done then — should bring A/collision fx c̄ F/u study done. To be done.  A: ~~Injury to (L) knee c̄~~ — FALL c̄ injury to (L) knee — PAIN to (L) knee | P: Muscle rub to Affected Area Daily PRN x 6 mos.  — Collegial done for MRI to (L) knee (done)  (Form completed today)  [signature] Deermon RN |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 919)

Exhibit-2

See X-Ray Report 9-7-18 10-24-18

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 9-5-18 | Offender: (Please Print) DARREN WILSON | ID#: N95724 |
|---|---|---|
| Present Facility: PinckneyVille C.C. | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☒ Disability
- ☒ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ HIPAA
- ☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): ADA
- ☐ Disciplinary Report: ___ Date of Report ___ Facility where issued

RECEIVED OCT 24 2018 GRIEVANCE OFFICE PNKCC

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Today 9-5-18 I TRiP over The liP in The ShoweR and I fell and Bump my Left Knee and my Knee Have A Big Knot, This my Second time I TriP and falling over The liP While Entering The Shower. I Saw A Nurse and She told me I Will Be on DR. Myers Call line on 9-6-18 for my Left Knee Thats in A lot of Pain I have A History of Triping over The Shower liPs due to my Knee Right Side Dont Bend and as longs the liPs in The Shower I Will Be at Risk for further injuries & fracture my Knee.

Relief Requested: I have ADA Request to Shower in Hcu where No liPs Please Remove The liPs OR make A Ramp to Enter The Shower Even The Wheel Chairs have Problem over liPs.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Darren Wilson (Offender's Signature) N95724 (ID#) 9,5,18 (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 10,05,18 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per HCUA: He has seen the MD for his knee and also seen the Ortho specialist on 10/04/18. There is no need to shower in the HCU as it has a lip on it also so water does not go everywhere. He has an approval to see another specialist for his Knee. He was seen by PT and given exercises to do. He was re-evaluated by the therapist on 9-17-18 and felt no further PT medically indicated at this time.

S. MERCIER, CCII (Print Counselor's Name) SMercier (Counselor's Signature) 10/17/18 (Date of Response)

**EMERGENCY REVIEW**

08E-25

Date Received: 09,12,18 Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[signature] (Chief Administrative Officer's Signature) 09,12,18 (Date)

Exhibit-3

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 10-8-18 | Offender: (Please Print) Darren Wilson | ID#: N95724 |
|---|---|---|

| Present Facility: Pinckneyville CC | Facility where grievance issue occurred: Pinckneyville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [X] ADA Disability Accommodation
- [ ] HIPAA
- [X] Other (specify): ADA ongoing Violations

- [ ] Disciplinary Report: ____/____/____  Date of Report  ____  Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): The Warden have A memorandum states only Wheel Chairs get ADA Shower this on going same in Grievance #07-90-18 discrimination This is on-going ADA discriminated against me Because I use A Cane and not A Wheel Chair. I am Being Denied my ADA Accommodations in using ADA Shower the same as other handicap inmates Because I use A Cane for my Disability and other handicap inmates use A Wheel Chair. I am also Being Denied ADA Cell with hand Rails same as inmates in Wheele Chairs I am Being Denied Because I am not in A Wheel Chair. I have A Physical limitation Disability same as inmates in Wheele Chairs due to My Disabilities I Requires ADA Shower and shower Chair and I use A Device to help me get around. I am having Problems using This Big Shower Chair in the Shower while other inmates in the Shower. I am in there way and they in my way due to My limited Disibility my leg and Knee dont Bend and my leg sticks out causing Problems ⟶ Relief ⟶ Take ADA Showers same as Wheel Chairs inmates — Place in ADA Cell w/Rails— Check my File ADA Standards

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Darren Wilson | N95724 | 10,8,18 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: 10,16,18 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [X] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

Scott _____ (Chief Administrative Officer's Signature)     10,16,18

RECEIVED
OCT 15
GRIEVANCE OFFICE

Distribution: Master File; Offender                Page 1                DOC 0046 (8/2012)

Printed on Recycled Paper

Exhibit-4 1of2

Exhibit-4

STATE OF ILLINOIS )
                  ) SS
COUNTY OF PERRY )

**AFFIDAVIT**

I, JOHN K. ADAMS INMATE No. # A-97885, hereby declare
under penalty of perjury that the following is true and correct based upon my personal
knowledge and that I am competent to testify thereto if called upon as a witness.

I HAVE THE SAME DISABILITY AS INMATE DARREN WILSON,
INMATE NO. # N-95724, IN THAT MY LEG AND KNEE DOES NOT
BEND DUE TO SEVERE INJURY.

I AM PROVIDED WITH SPECIAL DAILY ADA SHOWER TIMES
WITH AN ADA SHOWER CHAIR, BECAUSE MY LEG DOES NOT
BEND THERE IS NO ROOM IN THE SHOWER FOR OTHER
INMATES WITHOUT BEING A DANGER OF TRIPPING OR FALLING
OVER AND ON MY LEG.

I, AND OTHER DISABLED INMATES, ARE ALLOWED TO
SHOWER AT SPECIAL TIMES BY MYSELF TO PREVENT SUCH
INJURIES.

INMATE DARREN WILSON IS CELLED NEXT DOOR TO
ME AND HAS BEEN FOR THREE MONTHS. I KNOW FOR A
FACT HE SUFFERS THE SAME DISABILITIES AS I YET
IS NOT ALLOWED SPECIAL ADA SHOWERS. THE WARDEN AT
PINCKNEYVILLE CORRECTIONAL CENTER HAS ONLY ALLOWED INMATES
IN WHEELCHAIRS TO USE THE ADA SHOWER TIMES. AS STATED,
INMATE WILSON HAS THE SAME DISABILITIES AS MYSELF ONLY
THAT HE CHOOSES TO AMBULATE WITH A CANE AND MYSELF A WHEELCHAIR.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that everything contained herein is true and accurate to the best of my knowledge
and belief. I do declare and affirm that the matter at hand is not taken either frivolously or
maliciously and that I believe the foregoing matter is taken in good faith.

John K Adams (# A-97885)
**AFFIANT**

I FEEL THIS IS BLATANT DISCRIMINATION AGAINST INMATE WILSON.



EXhiBit - B
4. 2 of 2

## MEDICAL PERMISSION

This slip is considered authorization for the following inmate to be in possession of the designated medical item for the noted period of time *only*.

**INMATES NAME:** Wilson, Darren

**INMATES NUMBER:** N95724  2C31

**AUTHORIZED MEDICAL ITEM :** Standard walker to use when toileting only

**EFFECTIVE:** 8/8/2018

**EXPIRATION DATE:** 2/8/2019

**AUTHORIZATION SIGNATURE:** Myers, MD

You are responsible for returning all equipment to the Health Care Unit upon expiration date.

You are responsible for having in your possession this highlighted copy.  Any alterations or copying of this slip will result in discipline, and will be invalid.

**CC:**    Medical File
Inmate
Placement
File

**DCA #260-53361**
**IL #426-22854 (rev. 12/05)**

*Exhibit-5  1of2*

**From:** Burle, Amy S.
**Sent:** Wednesday, March 27, 2019 10:16 AM
**To:** Hale, Chalene
**Subject:** RE: Wilson, Darren N95724

*Exhibit-5 fell No Shower Chair*

His issue is with the shower on 2A not having a shower chair and he fell. Has health care determined he needs to utilize a shower chair or shower with rails?

**From:** Hale, Chalene
**Sent:** Wednesday, March 27, 2019 10:09 AM
**To:** Burle, Amy S. <Amy.S.Burle@illinois.gov>
**Subject:** RE: Wilson, Darren N95724

*Exhibit-5  Christine Brown did not tell Place I was Physically Challenged.*

Per Placement, he is not in a wheelchair but is in a wheelchair cell now I believe because all of the grievances, Christine Brown recommended this. I think he believes since he is physically challenged he has to be in a ADA cell which is not true. The healthcare unit MIGHT consider him physically challenged now but I have no way of knowing that because the last list that they sent out was back in September.

I will have to check with the HCU to see if they have an updated list.

**From:** Burle, Amy S.
**Sent:** Wednesday, March 27, 2019 9:52 AM
**To:** Hale, Chalene
**Subject:** RE: Wilson, Darren N95724

Has he since been placed on the list?

**From:** Hale, Chalene
**Sent:** Wednesday, March 27, 2019 9:50 AM
**To:** Burle, Amy S. <Amy.S.Burle@illinois.gov>
**Subject:** RE: Wilson, Darren N95724

*Exhibit-5  All ADA Cells*
*No 31 Cell ADA*

Per placement , ADA offenders are housed on B and C wings of the housing units, wheelchair inmates are in cells 14, 16, 18 on B wing and C wing 32, 34, 36. The reason why he probably was moved to A wing is because the last physically challenged list I have received was on 9/11/18, and he is not on it.

**From:** Burle, Amy S.
**Sent:** Wednesday, March 27, 2019 7:58 AM
**To:** Hale, Chalene
**Subject:** RE: Wilson, Darren N95724

Did you speak with placement regarding this?

**From:** Burle, Amy S.
**Sent:** Friday, March 22, 2019 9:40 AM
**To:** Hale, Chalene <Chalene.Hale@illinois.gov>
**Subject:** RE: Wilson, Darren N95724

Following up on a response from placement.



*Exhibit 5*
*BHB3* *2of2*

# MEMORANDUM

**DATE:**        10/15/18

**TO:**          **Wilson, Darren   N95724   2C31**

**FROM:**        **Grievance Officer**

The attached grievance #05-114-18 is being returned for the reason(s) listed below:

_____ Needs counselor response prior to grievance officer review

_____ Use proper grievance form

_____ Please provide additional specific information; unable to determine nature of grievance.

_____ Provide date(s) of disciplinary report(s) and where incident(s) occurred

_____ Forward grievance directly to the Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, enforced medication, issues from another facility, except personal property issues, disciplinary reports from other IDOC facilities, decisions made by the IDOC Director or issues not resolved by the Chief Administrative Officer.

_____ Not submitted in the timeframe outlined in DR504.  Issue will not be addressed further

\_\_\_**X**\_\_\_ Issue has been addressed.  No justification for further consideration

_____ Contact the Record Office with your request (sentence calculations, jail credits, etc.)

_____ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency, parole violation issues, etc.)

\_\_\_**X**\_\_\_ Other:  records reflect that grievant is now in cell 2C31, which is an ADA cell and should have access to his cane.

ExhiBit-6

## Burle, Amy S.

| | |
|---|---|
| **From:** | Hale, Chalene |
| **Sent:** | Thursday, April 04, 2019 11:55 AM |
| **To:** | Burle, Amy S. |
| **Subject:** | FW: Wilson, Darren N95724 |

Please see below response.  Let me know if you need any additional information.

**From:** Brown, Christine L.
**Sent:** Thursday, April 04, 2019 11:53 AM
**To:** Hale, Chalene
**Subject:** RE: Wilson, Darren N95724

*ExhiBit-6  I Was Place on Physically Challenged list*

Angie will put him on the Physically Challenged line. He claims he can't bend his leg so I had placement put him in an ADA cell. He does use the shower chair . He does not need a permit for this because he has a cane and our policy is anyone you request to use the chair that has mobility issues can use it.

**From:** Hale, Chalene
**Sent:** Thursday, April 04, 2019 11:22 AM
**To:** Brown, Christine L.
**Cc:** Iffert, Gina
**Subject:** RE: Wilson, Darren N95724

**From:** Hale, Chalene
**Sent:** Tuesday, April 02, 2019 10:50 AM
**To:** Brown, Christine L.
**Cc:** Iffert, Gina
**Subject:** RE: Wilson, Darren N95724

I received both of these lists from Angie this morning, however, I don't see Wilson's name on either of these lists.

Does he need to be in a cell that has rails or does he need to have access to a shower that has a chair/rails? I'm confused as to why he thinks he should have access to a shower chair if he's not considered physically challenged?

**From:** Hale, Chalene
**Sent:** Wednesday, March 27, 2019 10:24 AM
**To:** Brown, Christine L.
**Cc:** Iffert, Gina
**Subject:** FW: Wilson, Darren N95724

Can you tell me if this guy uses a cane or what his circumstances are?  His original claim is that he fell in the shower while on 2A wing, the only day that he was on a wing that did not have a chair/rails in the shower and then was subsequently moved back to the same cell he came out of.  ARB is requesting more information...
Is he considered physically challenged?  Does he need to be in a cell that has rails or does he need to have access to a shower that has a chair/rails?
Is there a new list of physically challenged inmates?  Placement has a list from September 2018 but nothing current.



*Exhibit*
*7*
*1 of 2*

## Grievance Officer's Report

**Date Received:** 12/12/18 **Date of Review:** 12/12/18 **Grievance #** (optional): 11-29-18

**ID#:** N95724

**Committed Person:** Wilson, Darren

**Nature of Grievance:** Showers

**Facts Reviewed:** Grievant claims the following: Grievant claims that C/O Lueker is denying him ADA showers because he is on a cane and not in a wheelchair. Grievant claims he has a medical permit that allows him to take an ADA shower, same as wheelchair inmates. Grievant claims he told him he can't take an ADA shower because he's not in a wheelchair.

**Relief Requested:** Grievant requests ADA shower and Christine Brown, HCUA send him a memorandum states he doesn't need a permit to take an ADA shower due to doctor order. Ask C/O Lueker why he is denying him an ADA shower.

Per C/O Lueker, this offender does not get an ADA shower because he is not in a wheelchair.

Per Administrative decision and in accordance with the guidelines mandated under the Americans with Disabilities Act (ADA), the offenders who have a temporary or permanent mobility impairment or a disability that may require assistance with standing in the shower are authorized to utilize a shower chair which will be made available by security staff during all designated dayroom shower times.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

**C. HALE CCI**
Print Grievance Officer's Name _____ Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 12/14/18 ☒ I concur ☐ I do not concur ☐ Remand

**Comments:** _____

_____

_____

_____ _____
Chief Administrative Officer's Signature 12-14-18
Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Darren Wilson_ N95724 1, 6, 19
Committed Person's Signature ID# Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Exhibit 7

2 of 2

_____Pinckneyville_____ Center

| Offender Information: | | |
|---|---|---|
| Last Name: Wilson | First Name: Darren | MI: | ID#: M95724 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10-11-18 12:00pm | pt approved in collegial counsel with knee specialist | Schure SA |
| MD CALL LINE 201 12/44 HO 18 96.8 | | |
| 10/12/18 | | |
| 10/12/18 1253 | S: johes medicine B20 but continues to have pain - knee + shoulder. O: stack of information reviewed A: chronic bilateral knee + Lt shoulder pain | 1) T/DM required on AOA shoulder. 2) chronic shoulder + knee complaints 3) Naprosyn 500 mg PO PRN A2× 6 mth 4) hydrocortisone Cr 1% apply to AA PRN A2× 5 mths 5) Xtra large compression stockings (Compression stockings) |



Exhibit-B
7 1of 9



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

May 7, 2019

Darren Wilson, N95724
Pinckneyville Correctional Center
Inmate Mail/Parcels
5835 State Route 154
Pinckneyville, IL 62274

Re: Wilson v. Illinois Department of Corrections, 15-CV-1344

Dear Mr. Wilson,

    Please find enclosed the Settlement Agreement and Stipulation to Dismiss. You will notice that both forms require your signature and date. **Please sign and date both forms.** Additionally, in order for the payment to be processed, you need to provide your social security number. Please write your social security number on **both forms.** We need to receive your original signature, so once you have signed the agreement and stipulation to dismiss, please mail both forms back to me at the address below:

    Office of the Illinois Attorney General
    Attn: Tim Sullivan
    1776 E. Washington St.
    Urbana, IL 61802

    Thank you very much for your attention in this matter and I hope to hear from you soon.

Sincerely,

*s/ Tim Sullivan*
Tim Sullivan
Assistant Attorney General
Illinois Attorney General's Office
1776 East Washington Street
Urbana, Illinois 61802

*I Settle out on A Lawsuit*
*due to Hill c.c. not ADA Compliance*

*Exhibit 7*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 15-1344-MMM |
| | ) |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court on the Parties' pending motions, including Defendant the Illinois Department of Corrections' ("IDOC") motion for summary judgment.

*First*, Plaintiff Darren Wilson has filed a motion for leave to file a sur-reply in opposition to the IDOC's motion for summary judgment. The Court will allow Wilson to file his sur-reply, and the Court considered Wilson's sur-reply when ruling upon the IDOC's motion for summary judgment.

*Second*, Wilson has filed two motions regarding Barry Bankert. In his first motion, Wilson seeks leave to re-add Bankert as a party Defendant. Wilson states that Bankert was the ADA coordinator at the Henry Hill Correctional Center ("Hill"). Wilson wants to add Bankert in order to assert an ADA claim against him. In his second motion, Wilson asks the Court to order the IDOC to respond to his motion regarding Bankert.

Both motions filed by Wilson regarding Bankert are denied. Although the IDOC should have responded to Wilson's motion pursuant to the Local Rules and as ordered by the Court, the

IDOC (essentially) responded by moving for summary judgment on the only issue before the Court. Therefore, Wilson's motion to compel a response from the IDOC is denied as moot.

As for Wilson's attempt to re-add Bankert, both the United States Court of Appeals for the Seventh Circuit and this Court explained that this Complaint involves a single claim under the Rehabilitation Act. Because there is no personal liability under the Rehabilitation Act, the IDOC is the only proper Defendant. Accordingly, Wilson's motion to add Bankert as a party Defendant is denied.[1]

*Third*, Wilson has filed a motion to compel in which he asks the Court to require the IDOC to respond to his second set of interrogatories.

In its letter to Wilson in response to his second set of interrogatories, the IDOC correctly notes that Federal Rule of Civil Procedure 33 limits the number of interrogatories that a party may serve upon an opposing party to twenty-five (25). Wilson does not deny that, by serving his second set of interrogatories, he would exceed that limit, nor has Wilson asked for leave to serve more than the twenty-five interrogatory limit. Finally, Wilson has not claimed that he cannot adequately respond to the IDOC's motion for summary judgment without the IDOC's responses to his second set of interrogatories. In fact, Wilson has filed a response to the IDOC's motion for summary judgment. Therefore, Wilson's motion to compel is denied.

That leaves the IDOC's motion for summary judgment. Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no

---

[1] To the extent that Wilson's motion simply seeks the Court's assistance in requiring Bankert to respond to his discovery requests that he sent to the IDOC's attorney on Bankert's behalf, defense counsel is correct that Bankert is not a party to this suit. As such, Wilson would need to serve a subpoena upon Bankert under Federal Rule of Civil Procedure 45 in order to have Bankert respond to his discovery requests. Wilson did not attach the discovery requests that he wanted Bankert to answer, and therefore, the Court cannot evaluate whether any responsive information would be relevant.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel*, 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Wilson alleged in his Complaint that the IDOC violated his rights under the Rehabilitation Act by failing or refusing to address his need for an accommodation due to his disability. Specifically, Wilson claims that, while he was an inmate at Hill, the showers that were at Hill had a "lip" or a curb at the entrance/exit to the showers. Wilson avers that it was difficult (if not impossible) for him to use the showers because his prior knee injury made it difficult for him to lift his leg over this lip in order to enter and exit the shower. Wilson claims that he asked Bankert and others at Hill for an accommodation so that he could access the showers, but Wilson asserts that his requests were either ignored or denied. Wilson has since been moved to the Pinckneyville Correctional Center, and Wilson acknowledged during his deposition that the showers at Pinckneyville do not contain a lip or a curb as the showers at Hill did and that Pinckneyville is ADA compliant.

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). The Seventh Circuit has recently reiterated that a plaintiff must establish four elements in order to establish a violation of Section 504: "(1) the plaintiff must be a handicapped individual as defined by the Act; (2) the plaintiff must be 'otherwise qualified' for participation in the program; (3) the program must receive federal financial assistance; and (4) the plaintiff must have been 'denied the benefits of the program solely because of his handicap.'" *Reed v. Columbia St. Mary's Hosp.*, ___ F.3d ___, 2019 WL 494073, * 8 (7th Cir. Feb. 8, 2019)(quoting *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d

4

1245, 1257 (7th Cir. 1997)).[2]  Although the Rehabilitation Act does not expressly require an

accommodation, "the Supreme Court has located a duty to accommodate in the statute generally."

*Alexander v. Choate,* 469 U.S. 287, 300-01 (1985).  In the prison setting, accommodations should

be judged in light of overall institutional requirements which include safety, security, and

feasibility. *Love v. Westville Correctional Center,* 103 F.3d 558, 561 (7th Cir. 1996).

The IDOC makes three arguments in support of its motion for summary judgment. *First,*

the IDOC argues that Wilson is not disabled or handicapped within the meaning of the statute—

or at least he has offered no evidence of such.  *Second,* Wilson was not denied a reasonable

accommodation.  *Third,* Wilson is now at an ADA compliant facility (*i.e.*, Pinckneyville), and

therefore, his case is moot.

The Court finds that questions of fact preclude summary judgment in the IDOC's favor.

An otherwise qualified person is one who is able to meet all of a program's requirements in spite

of his handicap, with reasonable accommodation." *Knapp v. Northwestern Univ.,* 101 F.3d 474,

482 (7th Cir. 1996)(internal quotations omitted).  Disability includes the limitation of one or more

major life activities, which includes care for oneself. 42 U.S.C. § 12102(2)(A).  "[R]efusing to

make reasonable accommodations [for a program or activity] is tantamount to denying access."

*Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012).  Finally, the law is clear

that access by a prisoner to a shower is "a program or activity" for purposes of the Rehabilitation

Act. *Id.* at 670.

---

[2]  The Seventh Circuit noted that a slight difference exists between the Rehabilitation Act and the
ADA, in that, the Rehabilitation Act prohibits discrimination only if it is "solely by reason of" a
person's disability while the ADA permits mixed-motive claims. *Reed*, 2019 WL 494073, at * 8
(citing *Whitaker v. Wisconsin Dep't of Health Servs.*, 849 F.3d 681, 684 (7th Cir. 2017)). However,
that distinction is not relevant to this case.

Wilson has raised a question of fact regarding his status as an individual to whom the Rehabilitation Act applies.[3] Wilson testified at his deposition that it was difficult for him to shower at Hill due to previous back and knee injuries.  Wilson further testified that he made the proper officials at Hill aware of his need for an accommodation, but the accommodations that were offered did not suffice.  Given the evidence regarding Wilson's difficulty in entering and exiting the showers at Hill and the officials at Hill's knowledge and attempt to accommodate his ADA requests, the Court finds that, at a minimum, a question of fact exists as to whether Wilson is a person with a disability or handicap to whom the Rehabilitation Act applies.

Furthermore, the Court finds that questions of fact exist as to whether the IDOC's denial of Wilson's requested accommodations were reasonable and proper under the Rehabilitation Act.  During his deposition, Wilson acknowledged that the IDOC installed a handrail outside of the shower at Hill in order to assist him with entering and exiting the shower and so as to lessen the possibility that he would trip or fall over the lip or curb that existed at the entrance to or exit from the shower.

However, Wilson also testified that there were two more lips or curbs in the shower area that he would, by necessity, have to navigate before he could take a shower.  Wilson testified that the IDOC did not or would not install hand rails to assist him overcome those two shower lips or curbs.  As such, Wilson asked the officials at Hill either to remove the lip or to allow him to return to showing in the healthcare unit because the healthcare unit's showers were ADA compliant.

---

[3] Notably, the IDOC argues that Wilson has failed to establish that he is a person who is protected by the Rehabilitation Act.  However, the IDOC also argues that Wilson's case is moot because he is currently being housed in an ADA complaint facility.  The IDOC cannot have it both ways.  If Wilson is not protected by the Rehabilitation Act, then whether he is housed at an ADA compliant facility would be irrelevant.

6

Public entities are required to "take reasonable measures to remove architectural and other barriers" that deny access to such services. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (citations omitted). "Whether a requested accommodation is reasonable is highly fact-specific, and determined on a case-by-case basis by balancing the cost to the defendant and the benefit to the plaintiff." *Dadian v. Village of Wilmette*, 269 F.3d 831, 838 (7th Cir. 2001). Evaluating the reasonableness of a particular accommodation in the prison context is particularly fact-intensive. *Holmes v. Godinez*, 311 F.R.D. 177, 226 (N.D. Ill. 2015). "Security concerns, safety concerns, and administrative exigencies [are] important considerations to take into account." *Love*, 103 F.3d at 561.

The IDOC claims that the lip at the entrance of the shower existed so that water would not escape into the adjoining space. Therefore, the IDOC was not inclined to remove the lip in order to accommodate Wilson. The IDOC's explanation may be reasonable, but the Court cannot say as a matter of law that Wilson was not entitled to his requested accommodation or to any of the other accommodations that he requested, such as showing in the healthcare unit. Because questions of fact exist on this issue, the Court denies the IDOC's summary judgment motion.

Finally, the Court rejects the IDOC's argument that, because Wilson is now at Pinckneyville which is an ADA compliant facility, his Rehabilitation Act is moot. As the Seventh Circuit explained in remanding this case, each time that Wilson was forced to use the curbed shower was, potentially, a violation of the Rehabilitation Act. Contrary to the IDOC's implied argument, Wilson may be entitled to compensatory damages if the IDOC violated his rights under the Rehabilitation Act. As one district court within this circuit explained in rejecting the IDOC's argument:

> The IDOC also argues that "since Plaintiff is no longer incarcerated at Hill C.C. ~~Pinckneyville,~~ his Rehabilitation Act claim is now moot" (Doc. 128, pp. 17–18).

7

But the IDOC failed to provide any support or citation to any authority for this bald assertion (*see id.*).   And the Supreme Court has indicated that compensatory damages are available in private causes of action under the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002); *see also CTL ex rel. Trebatoski v. Ashland School Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

*Wilkerson v. Hammond*, 2016 WL 3402599, * 10 (S.D. Ill. June 21, 2016).

Likewise, this Court need not further address the IDOC's argument other than to deny it's motion for summary judgment.

**IT IS, THEREFORE, ORDERED:**

1.    **Plaintiff's motion for leave to file [74] is GRANTED, and the Clerk of the Court is directed to file Plaintiff's sur-reply, including all exhibits, that are attached to his motion for leave to file.**

2.    **Plaintiff's motion to add defendant [60] IS DENIED.**

3.    **Plaintiff's motion to compel [67] IS DENIED.**

4.    **Plaintiff's motion for response to his motion [68] IS DENIED as moot.**

5.    **Defendant's motion for summary judgment [69] IS DENIED.**

6.    **This matter is referred to United States Magistrate Judge Jonathan E. Hawley to conduct a settlement conference.  Defense counsel is ORDERED to contact Magistrate Judge Hawley's chambers, within the next fourteen days, to begin the process of scheduling the settlement conference.**

ENTERED this 13th  day of March, 2019

_____/s Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018[*]
Decided June 20, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3686

| | |
|---|---|
| DARREN WILSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-CV-1344 |
| KUL B. SOOD, et al., *Defendants-Appellees.* | Michael M. Mihm, *Judge.* |

## O R D E R

Darren Wilson appeals the dismissal of his Rehabilitation Act suit on grounds of claim preclusion. Because his suit brings a claim that arises from a different set of operative facts, we vacate the judgment in part, affirm in part, and remand for further proceedings.

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C). The Illinois Department of Corrections and Barry Bankert decided not to file a brief on appeal.

Exhibit-A
2of4

Wilson, an Illinois inmate, alleges that he is disabled because of a knee injury that limits the range of motion of his right leg. When he was transferred to Hill Correctional Center from another prison, he told Dr. Kul Sood, Hill's medical director, that he needed a shower chair in order to shower safely. Dr. Sood examined Wilson and initially refused the request, but in December 2010 Wilson fell in the shower and Dr. Sood authorized the use of a shower chair. In February 2012 Wilson fell again. He told prison authorities that the chair he was then using was not designed for use in the shower and slid on the wet tile, causing him to fall. In May 2012 Wilson finally received what he considers a proper shower chair.

In March 2012 Wilson sued in federal court asserting, among other things, that the delay in receiving a proper shower chair violated his rights under the Eighth Amendment. At screening Judge Joe Billy McDade directed Wilson to amend his complaint and fix several flaws. In the meantime Wilson encountered new problems with shower accessibility. Shortly after filing his initial complaint, he was moved to a different unit where the shower entrance had a curb to keep water from spilling out and no hand rails. Wilson had trouble bending his knee to step over the curb and, he says, fell many times. He asked Dr. Sood to allow him—as he previously had been allowed— to use the showers in the health-care unit, which had hand rails and no curb to step over. Wilson alleges that Dr. Sood refused, and several days later, in late May, Wilson fell on the shower's curb and injured his shoulder.

Wilson amended his complaint in July, adding the details Judge McDade had asked for specifying the actions of each defendant in denying him a shower chair. He did not mention his recent reassignment to the unit with a curbed shower.

Wilson then filed a grievance about his difficulties showering in the new housing unit given his knee condition and the problems presented by having to step over the curb to access the shower. The prison denied the grievance, stating that he already was receiving appropriate medical attention and had been provided the use of a shower chair. Wilson also requested an accommodation from Berry Bankert, the facility's disability coordinator, but Bankert said there was nothing he could do about the curb.

Upon receiving the denial of the grievance, Wilson attempted in his summary-judgment submissions before Judge McDade to introduce details of his difficulties accessing the shower in the new housing unit and to add new claims of violations under the Americans with Disabilities Act and the Rehabilitation Act. But in the order entering summary judgment for the defendants, Judge McDade states that summary judgment was not the appropriate time to introduce new claims.

*Exhibit A*
*3 of 4*

In August 2015 Wilson filed the suit underlying this appeal. He sued Dr. Sood, Bankert, and the Illinois Department of Corrections, asserting that their refusal to provide him with a shower without a curb violated the ADA. He said that the problem was "ongoing" and that "til now" he has been requesting use of a shower without a curb, and he added that he showered infrequently due to fear of injury. Judge Mihm screened Wilson's complaint, determined that it stated a claim under the Rehabilitation Act (instead of the ADA), and allowed him to proceed on that basis. *See* 29 U.S.C. § 794; *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012) (holding that a refusal by an entity receiving federal funds to accommodate a disability that keeps an inmate from accessing showers on the same basis as other inmates states a claim under the Rehabilitation Act, which is coextensive with the ADA and avoids "thorny question[s] of sovereign immunity").

But upon Dr. Sood's later motion, Judge Mihm dismissed the case with prejudice on grounds of claim preclusion. The judge concluded that Wilson "simply takes the same facts—the denial of a shower chair—and asserts a new legal theory." Both suits, the judge said, "involve[] the same [p]laintiff, the same time frame, the same [d]efendants (or their privies), the same prison, the same medical condition, and the same alleged denial of his constitutional or statutory rights." The judge emphasized that Wilson could have asserted a Rehabilitation Act claim in his prior case.

On appeal Wilson insists that the district court erred because his second suit involves different facts from his first. The first suit, Wilson specifies, addresses only the denial of a shower chair while the second suit addresses the unsafe shower conditions upon his reassignment to another unit at the prison. Further, he says that he could not have raised the issue of the curbed shower in the first suit because he had not yet exhausted his administrative remedies by the time he filed the prior suit's operative complaint.

We agree with Wilson that his current suit raises a different claim and is not precluded. True, Wilson's reassignment to the unit with the curbed shower and first resulting injury occurred just days before he filed the operative complaint in the first suit, and he could have added the new claim and asked for a stay of that suit in order to exhaust administrative remedies. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). But he was not required to do so because the two claims arose out of different circumstances. Preclusion under federal law requires, among other elements, that the second lawsuit assert claims arising out of the same transaction or "out of the same set of operative facts" as the first lawsuit. *See Matrix IV, Inc. v. Am. Nat'l Bank & Tr.*

Exhibit A
4 of 4

*Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011); *see also Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013). Here, one set of operational facts concern the earlier denial of a shower chair in one unit of the prison and the second concern his later reassignment to another prison unit where the shower had a high curb and no handrails. To treat these claims as identical because they both address shower accommodations is to "conceptualize too broadly the injury about which [Wilson] complains." *Heard v. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016) (explaining that two instances of an alleged delay in providing a needed surgery do not stem from the same set of operative facts even though they both address a delay in care for a hernia). And when claims do not arise from the same set of operative facts, plaintiffs are not required to amend rather than bring a fresh suit. *See Smith v. Potter*, 513 F.3d 781, 783–84 (7th Cir. 2008); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914–15 (7th Cir. 1993).

Moreover, Wilson alleges that he was forced to use the curbed shower until at least mid-2015, and each time he was forced to use the inaccessible shower is potentially a new instance of discrimination under the Rehabilitation Act. *See Heard*, 809 F.3d at 979 ("[E]very day that the defendants improperly refused to treat Heard's condition potentially constituted a new act of deliberate indifference."). Federal claim preclusion "generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed." *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011); *see also Smith*, 513 F.3d at 783–84 (explaining that the plaintiff's claim based on incidents of harassment that occurred after the filing of the first complaint is not barred by claim preclusion even though the first complaint also dealt with harassment-based claims).

We do, however, agree with Dr. Sood that the Illinois Department of Corrections is the proper defendant for this claim because there is no individual liability under the Rehabilitation Act. *See Stanek v. St. Charles Cnty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

In light of this result, we deny the motion for recruitment of counsel that Wilson attached to his appellate brief. Wilson is free to renew this motion before the district court.

Accordingly, we VACATE the judgment as to the Illinois Department of Corrections and REMAND for further proceedings consistent with this order. In all other respects, we AFFIRM the judgment.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

Date Received: 5/10/19

Date of Review: 5/22/19

Committed Person: Darren Wilson

Grievance # (optional): 1168-04-19

ID#: N95724

Nature of Grievance: ADA Accommodations

**Facts Reviewed:** Grievant claims the following: Grievant claims he injured his left foot and ankle trying to get in and out of the state van in chains. Grievant claims he is ADA and his knee doesn't bend. Grievant claims he has to use a wheelchair while being transported on writs because they will not allow him to use his cane. Grievant claims he is taken on writs in a wheelchair, but not in an ADA van.

**Relief Requested:** Grievant requests to be transported to and from writs in an ADA van.

**Per HCUA:** He does have an order for a cane and should be allowed to use it on writs. If he is sent in a wheelchair, then a cane would not be necessary. He participates in physical therapy and is encouraged to move his knee. He is not wheelchair bound and stepping up into the big van would be harder than the small van.

The Shift Commander was contacted and states that it is difficult for offenders to use canes during transport due to the restraints required to be in place.

AD 04.01.111, F. 5 states "Offenders requiring the use of a wheelchair shall be transported in wheelchair accessible vehicles."

It is the recommendation of this Grievance Officer that this grievance be AFFIRMED. If the offender is transported outside of the facility in a wheelchair, he should be transported in an ADA van per AD 04.01.111.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be AFFIRMED.

S. Mercier, CCII
Print Grievance Officer's Name

S. Mercier, CCII
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 05/27/19      ☒ I concur      ☐ I do not concur      ☐ Remand

Comments: _____

Chief Administrative Officer's Signature

05/27/19
Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Darren Wilson
Committed Person's Signature

N95724
ID#

6,19,19
Date

Distribution:   Master File; Committed Person

Printed on Recycled Paper

DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)

*(handwritten top:)* 4-15-18  Bed #: 1
She Can Explain about ADA Van
# 1168-04-19

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

*(left margin handwritten:)* Exhibit 9  2 of 2

| | |
|---|---|
| Date: 4-15-19 | Offender: (Please Print) Darren Wilson | ID#: N95724 |
| Present Facility: PinckneyVille C.C. | Facility where grievance issue occurred: | RECE... APR 14 2019 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [X] ADA Disability Accommodation
- [ ] HIPAA   A.D.A

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):
L.T. MC. Bride She did No Wrong to me But Talk to her about Van ADA No matter What I use cane or Wheel Chair I Still need ADA Van Knee don't bend on-going ADA Violations By 7 DOC. on 4-15-19 I injured my (R) foot and Ankle Trying to get in and out the State Van by Crawling on my Back Side to get up into the Seats With a Leg Chane on And Box Chane. I am ADA And my Disability I have 2 Bad Knees one Knee Don't Bend and Bad Back. I Cant Step up into the Van due to my Knees Dont Bend and the Step are high I use The Aid of my Cane for Balance But I have to use The Aid of A Wheel Chair While being transported due to L.T. mc. Bride Said Canes Cant go out on Writ That Why I Was issue A Wheel Chair That I Require due my Cane Taken Away from me and I Been out on A Writ 5 times in A Wheelchair But not in A ADA Vehicle. I Cant Sett Proper in my Seat due to Knee Dont Bend Between seats.
**Relief Requested →** To be Transferred in ADA Vehicle my Knee dont bend Plus I use The Wheelchair

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

Darren Wilson   N95724   4 15 19
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

*RECEIVED MAY 10 2019 GRIEVANCE OFFICE PNCC*

**Counselor's Response (if applicable)**

Date Received: 4/9/19   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per NCHA: He does have an order for a cane and should be allowed to use it on writs. IF he is sent in a wheelchair, then a cane would not be necessary. He participates in physical therapy and is encouraged to move his knee. He is not wheelchair bound and stepping up into the big van would be harder than the small van. S. Mercier CP II
Print Counselor's Name   S.Mercier, CC II   5, 8, 19
Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes: expedite emergency grievance
- [ ] No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature   ___/___/___ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

Exhibit-10
1 of 3

| Grievance Officer's Report |
|---|

Date Received: 6/26/19          Date of Review: 7/16/19          Grievance # (optional): 1871-06-19

Committed Person: Darren Wilson                    ID#: N95724

Nature of Grievance:    ADA Accommodations

**Facts Reviewed:**    Grievant claims the following:  Grievant claims he is in too much pain walking, standing and climbing stairs. Grievant claims the elevator is broken, making it difficult for him to get up to the Law Library.  Grievant claims he has asked to be issued a wheelchair due to his back and knee issues.  Grievant claims to suffer from degenerative disc issues and osteoarthritis, causing him to fall often.

**Relief Requested:**    Grievant requests to be issued a wheelchair and for the elevator to be repaired.

Per HCUA:  He was seen on 6/20/19 by the MD.  The MD showed him the x-ray results, which shows only mild arthritis in the right knee and the left ankle.  He ambulates with a cane but is non-weight bearing on the cane and often walks without using it.  He has been seen numerous times by the MD, NP and physical therapist.  None of them have ordered him a wheelchair.  Law Library said a voucher can be filled out and everything can be done through the mail until the elevator is fixed.  They can also bring his legal box downstairs for him to work.

O360 shows that the offender had a Law Library pass on 6/17/19.

Maintenance is currently working with outside contractors to have the elevator repaired.

The Library is doing a lot of legal work through the mail for offenders who cannot maneuver the stairs.  They have also gone out to the housing units to collect paperwork to copy for offenders with deadlines.  Excess legal boxes are taken downstairs for disabled offenders to review and cases loaned out when needed.  Every effort is being made for offenders to work on their cases.

**Recommendation:**    Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

S. Mercier, CCII                              _S. Mercier, CC II_
Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: _07/19/19_        ☒ I concur        ☐ I do not concur        ☐ Remand

Comments: _____

_Scott Thompson_                                          _07, 19, 19_
Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Darren Wilson_                    N95724        7 29 19
Committed Person's Signature                    ID#            Date

Housing Unit #B-78   Bed #:

#1871-06-19

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Exh,Bit-10
2of 3

Date: 6-17-19   Offender: (Please Print) DaRReN Wilson   ID#: N95724

Present Facility: Pinckneyville C.C.   Facility where grievance issue occurred:

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

ADA Request for wheel Chair-Repair Elevt

RECEIVED JUN 2x 2019

- [ ] Disciplinary Report: _____   _____
  Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I am in to much Pain Walking and Standing this wall of stairs the Elevators been Broke for many Months Back Knees on-going Probe. I Requested A.DA ACComodations to ADA Coordinator To Be issue A Wheel Chair due to my Back and knees and I also Request for the Elevator to be Repaired over in the School Building going up to the Library No Response my Back and knees goe's out on me for Walking and Standing to long, when Ever to go out on my Cell Pass the officers make me Stand for some time on the Walk while they Run all line and I Set Down on the Walk today 6-17-19 due to my Back and knees given out on me due to I have degenerative disc and osteoarthrits that progressed Calls me Fall to Walk and Stand So long my Cane don't Help and my Knees Same Way Displace and Dont Bed Cause me to Fall Walk and Standing, hard to walk up Stairs. Relief Requested → To be issue wheel chair and Repair Elevator for ADA ACvemoDations

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check this is NOT an emergency grievance.

Darren Wilson   N95724   6.17.19
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

RECEIVED

**Counselor's Response (if applicable)**

Date Received: 6 / 19 / 19

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

JUN 28 2019
GRIEVANCE OFFICE
PNKCO

Response: Per C Brown, HNS: "He was seen on 6/20/19 by the md. The md showed him the X-Ray results which shows only milda-thritis in the right knee and left ankle. He ambulates with a cane but is non weight bearing on the cane and often walks without using it. He has been seen numerous times by the md, NP and   over

D Hess, ccII   BH, ccII   6/21/19
Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   _____ / _____ / _____
Chief Administrative Officer's Signature    Date

Exhibit - 16

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Housing Unit: _____ Bed #: _____

3 of 3

cent...
physical therapist. None of them have ordered him a wheelchair.
Law library said a voucher can be filled out and everything can be
done through the mail until the elevator is fixed. They can also bring
your legal box downstairs for you to work with also. Maintenance has
verified the repair company for the elevator is waiting for the parts."

J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

Exhibit 11



# The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Wilson, Darren

ID#: N95724

Facility: Pinckneyville

7/10/19
Date

This is in response to your grievance received on 6/26/19 . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 4/15/19    Grievance Number: 1168-04-19    Griev Loc: Pinckneyville

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

■ Other  Medical/ADA- grieves for ADA van to be used due to fall 4/15/19

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

■ Other: Moot. The grievance response reports you should be transported in an ADA van. This office contacted Pinckneyville,

who advised direction has been given to schedule appointments/writs in conjunction with ADA van availability in the future.

FOR THE BOARD: *Amy Burle*
Amy Burle
Administrative Review Board

CONCURRED: *Rob Jeffreys*  7/10/19
Rob Jeffreys
Acting Director

CC: Warden, Pinckneyville _____ Correctional Center
Wilson, Darren _____, ID# N95724

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

Exhibit-12
1 of 2

| Grievance Officer's Report | |
|---|---|

**Date Received:** 7/18/19     **Date of Review:** 7/22/19     **Grievance #** (optional): 2249-07-19

**Committed Person:** Wilson, Darren     **ID#:** N95724

**Nature of Grievance:**   ADA Accommodations

**Facts Reviewed:**     Grievant claims the following:  Grievant claims that he has an upcoming court date of 8/19/19 to Knox County and should not be sent to Hill CC due to not being ADA compliant.  Grievant claims that on 7/3/19 he was transported on the big IDOC transfer bus with restraints and it made it very difficult for him to use his walking cane and also very difficult for him to get on the bus due to the high step and his leg and knees don't bend.  Grievant claims that he had to sit with his leg sticking out while officers and inmates were stepping on him.  Grievant claims that it causes him more damage to his leg and knees.

**Relief Requested:**     Grievant requests ADA accommodations to transfer and writ in wheelchair and ADA van and not to be sent to Hill CC on writ.

Per HCUA, he uses a cane and is not in a wheelchair at this time. He should be able to step up onto the bus with a cane and the hand rails to assist him. We can accommodate his need to sit sideways if needed, per the Major he will assist in this.

Per Major, if he is in wheelchair, he will be transported in the ADA van, if not, he will scheduled as all other offenders.

**Recommendation:**     Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

| | |
|---|---|
| **C. HALE CCII** | _C. Hale CCII_ |
| Print Grievance Officer's Name | Grievance Officer's Signature |

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|

**Date Received:** 07/24/19     ☑ concur     ☐ I do not concur     ☐ Remand

**Comments:** _____

_Scott Thompson_     07/24/19
Chief Administrative Officer's Signature          Date

| Committed Person's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

| | | |
|---|---|---|
| Committed Person's Signature | ID# | Date |

EXHIBIT-12
2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

#2249-0779

| | | |
|---|---|---|
| Date: 7-10-19 | Offender: (Please Print) Darren Wilson | ID#: N95724 |
| Present Facility: Pinckneyville C.C. | Facility where grievance issue occurred: | RECEIVED JUL 18 2019 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [X] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [X] Other (specify): ADA
- [ ] Disciplinary Report: ___/___/___  Date of Report   Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I go to Court Again to Knox county on 8-19-19 see court order. I Should not Been Sent to Hill C.c on Writ due to my ADA Compliant See Exhibit-A. on 7-3-19 I was Transfered on The Big IDoc Transfer Bus with restraints made it Very difficult to use my walking Cane and also Very difficult for me to get on the Bus due to high step and my leg and knees dont Bend also when I finally was help on to the Bus it was Very difficult for me to sit Properly Due to my leg and knees dont Bend Between the Seats. I had to sit with my leg Sticking out while officers and inmates stepping on me. when the Bus moves I am Sliding due I have to sit Side ways in hard Plastice Seats Chusing more Damage to my leg knees Back for 10 Hour Coming and going on 7-3-19 and 7-10-19. The officers said I was A Last minute Add on and No one told Them I was ADA it was to Late. I Should Be Transfer and writ in A wheel Chair and ADA Van due to its difficult for me to ~~walk with~~ walk with Cane in Restraints and Difficult to step up on A Big Bus with Leg-Knees dont Bend The warden Agreed with me in Grievance # 1168-04-14 (See Exhibit-B). I get injured at Hill C.c (See Exhibit-C).

Relief → ADA Accomodations Transfer and Writ in wheel Chair And ADA Van, not to Be Sent to Hill C.C. on writ

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

Darren Wilson   N95724   7, 10, 19
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature   Date



J.B. Pritzker
Governor

*Exhibit -13*

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Wilson, Darren

ID#: N95724

Facility: Pinckneyville

8/2/19
Date

This is in response to your grievance received on __7/22/19__ . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __7/2 & 7/5/19__ Grievance Number: _____ Griev Loc: __Hill__

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☑ Conditions (cell conditions, cleaning supplies, etc.) __Showers have threshold and no shower chair or rails are provided.__

☐ Disciplinary Report: Dated: _____ Incident # _____

☑ Other __Medical- denied ADA shower and fell over lip in shower 7/5/19__

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☑ Other: THERE IS NO ORDER FOR THE OFFENDER TO TAKE A SHOWER IN A SHOWER WITH NO THRESHOLD. OFFENDER

CAN WALK AND HAS USE OF CANE, AS ASSISTIVE DEVICE. THERE IS NO ORDER FOR A SHOWER CHAIR IN HIS MED FILE.

OFFENDER WAS SEEN ON 7/8/19 AND SELF-REPORTED FALL. MEDICAL ATTENTION WAS PROVIDED. GRV IS MIXED.

FOR THE BOARD: *Amy Burle*
Amy Burle
Administrative Review Board

CONCURRED: *[signature]*
Rob Jeffreys
Acting Director   8/6/19

CC: Warden, __Pinckneyville__ Correctional Center
Wilson, Darren _____, ID# __N95724__

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

*www.illinois.gov/idoc*

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Wilson, Darren

ID# : N95724                                                                    11/28/18
                                                                                   Date
Facility: Pinckneyville

This is in response to your grievance received on 11/26/18 _____. This office has determined the issue will be addressed without
a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that
is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: 10/2/18    Grievance Number: 10-34-18    Griev Loc: Pinckneyville

- [ ] Transfer denied by the Facility
- [ ] Dietary _____
- [ ] Personal Property _____
- [ ] Mailroom/Publications _____
- [ ] Assignment (job, cell) _____
- [ ] Commissary / Trust Fund _____
- [ ] Conditions (cell conditions, cleaning supplies, etc.) _____
- [ ] Disciplinary Report: Dated: _____ Incident # _____
- [x] Other   Medical- wants tx for knee and shower in HCU 9/5/18

**Based on a review of all available information, this office has determined your grievance to be:**

- [ ] Affirmed, Warden _____ is advised to
  provide a written response of corrective action to this office by
  _____.
- [ ] Denied, in accordance with DR504F, this is an administrative decision.
- [x] Denied, this office finds the issue was appropriately addressed by the facility Administration.
- [ ] Denied as the facility is following the procedures outlined in DR525.
- [ ] Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- [ ] Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- [ ] Other: _____

_____
_____

FOR THE BOARD:  *Amy Burle*                    CONCURRED:  *John R. Baldwin*  11/30/18
                Amy Burle                                      John R. Baldwin
                Administrative Review Board                    Acting Director

CC:  Warden, Pinckneyville _____ Correctional Center
     Wilson, Darren _____, ID# N95724

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in
offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

**J.B. Pritzker**
Governor



**John Baldwin**
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Wilson, Darren

ID#: N95724                                                          **4/4/19**
                                                                    Date

Facility: Pinckneyville

This is in response to your grievance received on __3/13/19__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __1/7/19__   Grievance Number: __237-01-19__   Griev Loc: __Pinckneyville__

- ☐ Transfer denied by the Facility
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ☐ Assignment (job, cell) _____
- ☐ Commissary / Trust Fund _____
- ☐ Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ■ Other   ADA- grieves placement put him on non-ADA wing and he fell in the shower, due to no shower char/rails 1/6/19

Based on a review of all available information, this office has determined your grievance to be:

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ■ Other:   Offender was seen by health care on 1/7/19 for self-reported fall. Offender has since been added to the Physically Challenged list for placement. Grievance is moot.

FOR THE BOARD: _Amy Burle_                    CONCURRED: _John R. Baldwinson_
                Amy Burle                                    John R. Baldwin        4/8/19
        Administrative Review Board                          Acting Director

CC: Warden, __Pinckneyville__ Correctional Center
    Wilson, Darren _____ ID# N95724

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Bruce Rauner
Governor

*Exhibit-B*
*10 of 10*



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

November 7, 2018

Darren Wilson
Register No.  N95724
Pinckneyville Correctional Center

Dear Mr. Wilson:

This is in response to your 3 grievances received on November 1st, 2018, regarding ADA (cell assignment) at Pinckneyville Correctional Center on 5/2/18 and 5/27/18.  Your grievances are dated 5/3, 5/27 and 5/30/18. This office has determined the issue will be addressed without a formal hearing.

On 5/2/18 and 5/27/18 you claim you fell in your cell due to not having hand rails in the cell to accommodate your disability. You state you have informed multiple staff of this issue.

Based on a total review of all available information, this office recommends the grievances be ruled moot. Offender Wilson was moved to an ADA cell on 6/12/18. This office responded to grievance #08-139-18 on 10/30/18, stating the offender was issued a walker to assist with pulling himself up. Grievance 05-26-18 was marked as emergency by the CAO on 5/9/18. Grievance 05-89-18 was marked as emergency on 6/1/18 and  grievance 05-114-18 was marked as emergency on 5/31/18. The grievance office responded on 10/15/18, stating the ADA issue had already been addressed. In accordance with DR504 and A.D.04.01.114, Warden Thompson is to expedite the grievance review and response process for grievances involving substantial risk of imminent personal injury or other serious harm to the offender.

FOR THE BOARD:  *Amy Buele*

Amy Buele
Administrative Review Board
Office of Inmate Issues

Concurred:  *John R. Baldwin*

John R. Baldwin
Acting Director

cc:   Warden, Pinckneyville Correctional Center
      Darren Wilson Register No.  N95724

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov idoc**

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**OFFENDER'S GRIEVANCE** 10-34-18   22-31

| Date: 10-2-18 | Offender: Darren Wilson (Please Print) | ID#: N95724 |

| Present Facility: | Facility where grievance issue occurred: |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☒ Disability
☒ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify) ADA

☐ Disciplinary Report: _____/_____/_____   Need P.T./need see Doctor For Fracture/HCU Shower
       Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Brief Summary of Grievance:** On-Going ADA Violation and Denied Treatment for fracture @ knee and Denied Physical Therapy for @ shoulder. on 9-5-18 I Trip over the Lip in the Shower and fracture my @ knee and I am Being Denied ADA Request to Be move out This Shower with Lip Across Shower Floor. my Right knee Dont Bend I keep Triping over Lip. I have A History of Triping over Shower Lip. on 9-7-18 X-Ray Shows I have A fracture. I am Being Denied Treatment. on 8-22-18 I was sent to the orthopedic Doctor for A Shot in my Shoulder due to I have A chronic Pec Major Tear and Rotator Cuff Tearing of @ Shoulder. he order Daily Physical Therapy That need to Be Supervised and Should I fail to improve in the next Several months Than MRI scan could be considered. TUMS given P.T supervise for only 5 days Then D.C. P.T
3 Different Issues

**Relief Requested:** To see Doctor for fracture @ knee - Shower in HCU with no Lip Across Floor. Supervise P.T. Daily as order By orthopedic for @ Shoulder I am in Pain in my @ fracture knee and @ Shoulder An I need Daily Shower in HCU

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Darren Wilson | N95724 | 10, 2, 18 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____/_____/_____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**    10 E 2%

Date Received: 10, 10, 18    Is this determined to be of an emergency nature?
☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Scott Thompson | 10, 10, 18 |
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

Date: 10-20-18   Offender: (Please Print) Darren Wilson   ID#: N95724

| Present Facility: Pinckneyville C.C | Facility where grievance issue occurred: |

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☒ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   ☐ Other (specify)

☐ Disciplinary Report: ____/____/____   _____
    Date of Report                Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

**Brief Summary of Grievance:** I Been Denied ADA Shower by C/o Lucker everyday up till 10-20-18. This Grievance Wrote on officer Lueker for Denying me ADA showers Because I am on A Cane And not in A WheelChair. And I Showed This officer my medical Permits That Allows me to Take ADA Shower Same as WheelChairs about inmates he Said he Dont Care you not in A WheelChair you Cant Take ADA Shower due to me not Being able to TAKE ADA Shower Cause me to Fall in unSafe Conditions shower WheelChair inmates use The Shower and Shower Chair due ADA Shower. I Cant Relieve officer Lueker Denying me Because I Walk with A Cane Now I Suffer more Damage To Both Knees Now I need Suogrey. I have Dictor order to Take ADA Shower And Christine Brown HCUA Sent me A Memohandun States I Dont need A Permit to Take ADA Shower due to Dictor order See Exhabit A Relief Requested → Talk to officer Lueker    Ask Why he Denying me ADA Shower

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Darren Wilson                    N95724        10, 20, 18
Offender's Signature                ID#          Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 10, 31, 18   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: C/o Leuker does not get this offender out for ADA showers because he is not in a wheelchair. A shower chair is made available to him during DayRoom as directed by PNK policy and Procedure.

S. Mercier, CCII          S. Mercier          11,30,18
Print Counselor's Name       Counselor's Signature       Date of Response

**EMERGENCY REVIEW**

Date Received: ____/____/____   Is this determined to be of an emergency nature?   ☐ Yes: expedite emergency grievance
                                                                                    ☐ No; an emergency is not substantiated.
                                                                                    Offender should submit this grievance in the normal manner.

_____                    ____/____/____
Chief Administrative Officer's Signature                Date

J.B. Pritzker
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Wilson, Darren

ID# : N95724

1/15/19
Date

Facility: Pinckneyville

This is in response to your grievance received on **01/10/2019**. This office has determined the issue will be addressed without a formal hearing.  A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted.  For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding:  Grievance dated: 10/20/18      Grievance Number: 11-29-18      Griev Loc: Pinckneyville

- ☐ Transfer denied by the Facility
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Assignment (job, cell)
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other   Staff Conduct- denied ADA showers by CO Lueker 10/20/18

Based on a review of all available information, this office has determined your grievance to be:

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30.  This office is reasonably satisfied the offender committed the offense cited in the report.
- ☑ Other:  The offender is authorized to utilized the shower chair during day room hours for showers.

FOR THE BOARD:  *Amy Burle*
Amy Burle
Administrative Review Board

CONCURRED:  *John R. Baldwin*  1/16/19
John R. Baldwin
Acting Director

CC:  Warden,  Pinckneyville   Correctional Center
Wilson, Darren   , ID# N95724

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

JB Pritzker
Governor

*Exhibit-C*
*2 of 5*



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

Hill Correctional Center
600 Linwood Road, P.O. Box 1700 • Galesburg, IL  61402 • (309) 343-4212 TDD: (800) 526-0844

### *RETURN OF GRIEVANCE*

Date: *07-08-2019*

To: *Wilson*          IDOC# *N 95724*          H.U.: *CR-01-23*

From:   John Frost, Primary Grievance Officer

Subject:          Grievance Dated *7-2-19*          Date Received *7-8-19*

**The attached Grievance(s) / Correspondence is being returned for the reason(s) listed below:**

_____ Not Properly Filed; Per Warden's Bulletin 19-26 *all* grievances, emergency or otherwise, shall be submitted to the appropriate *grievance* mailboxes (housing unit foyer or Segregation box). Grievances received in any other manner will be returned for proper submission

_____ If you wish to appeal the CAO Response on the DOC 0047 you must mail the grievance to the A.R.B. at the address indicated on the form; the institution cannot do this for you.

_____ Include copies of the <u>Disciplinary Report</u> and the Adjustment/Program Committee <u>Final Summary</u> when submitting a grievance on an ODR, as indicated in A.D. 04.01.114.

_____ Issue has been / will be addressed in a previous grievance you filed. Per DR 504, Subpart F, grievances that have previously been addressed *for which there is no additional information* are deemed without merit and may be returned as denied to the sender without further investigation.

_____ Per D.R. 504, Section 504.810, "The *original* grievance form shall be deposited in the...designated repository." Do not submit a photocopy.

_____ The CAO has determined that grievance #*19-07-062*, which you marked as an "Emergency," is not emergent. Re-submit it in the Grievance Mailbox if you wish to continue the process.

_____ Per A.D. 04.01.114, if you do not agree with the CAO determination that a grievance is not an emergency, you must send "...the grievance form that includes the Chief Administrative Officer's decision to the emergency request through the normal review process."

_____ Other: _____

_____

_____

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

JB Pritzker
Governor

*EXHBIT C*
*4 of 5*



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

Hill Correctional Center
600 Linwood Road, P.O. Box 1700 • Galesburg, IL 61402 • (309) 343-4212 TDD: (800) 526-0844

### *RETURN OF GRIEVANCE*

Date: **07-08-2019**

To: **Wilson**     IDOC# **N95724**     H.U.: **02-01-23**

From:   John Frost, Primary Grievance Officer

Subject:   Grievance Dated **7-5-19**   Date Received **7-8-19**

**The attached Grievance(s) / Correspondence is being returned for the reason(s) listed below:**

_____   Not Properly Filed; Per Warden's Bulletin 19-26 *all* grievances, emergency or otherwise, shall be submitted to the appropriate *grievance* mailboxes (housing unit foyer or Segregation box). Grievances received in any other manner will be returned for proper submission

_____   If you wish to appeal the CAO Response on the DOC 0047 you must mail the grievance to the A.R.B. at the address indicated on the form; the institution cannot do this for you.

_____   Include copies of the <u>Disciplinary Report</u> and the Adjustment/Program Committee <u>Final Summary</u> when submitting a grievance on an ODR, as indicated in A.D. 04.01.114.

_____   Issue has been / will be addressed in a previous grievance you filed.  Per DR 504, Subpart F, grievances that have previously been addressed *for which there is no additional information* are deemed without merit and may be returned as denied to the sender without further investigation.

_____   Per D.R. 504, Section 504.810, "The *original* grievance form shall be deposited in the...designated repository."  Do not submit a photocopy.

_____   The CAO has determined that grievance # **19-07-059** , which you marked as an "Emergency," is not emergent.  Re-submit it in the Grievance Mailbox if you wish to continue the process.

_____   Per A.D. 04.01.114, if you do not agree with the CAO determination that a grievance is not an emergency, you must send "...the grievance form that includes the Chief Administrative Officer's decision to the emergency request through the normal review process."

_____   Other: _____
_____
_____

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit G
5 of 5

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Housing Unit: DR 23  Bed #: _____

19-07-059

| Date: 7-5-19 | Offender: (Please Print) DaRRen Wilson | ID#: N95724 |
|---|---|---|

| Present Facility: Hill C.C. | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I am at Risk of furter Injures Hill C.C. Was ADale I am ADA Befor I Transfer in. Today on 7-5-19 I fell in the shower over the lip Across The Shower Floor due to No Rails oR Shower Chair to Use. I was force to use The shower With lips No Rails oR Shower Chair due to Hill Nurse Staff Said There was No Records Showing I am ADA, and I Require ADA Shower With out lips and With Rails and Shower Chair my Leg and Knee, Dont Bend over the lips cause me to Trip and injured my Back foot and Knee.

Relief Requested: I am at Risk ot furter injuries With out the following Hill C.C. Nurse Staff to Provide me Healthcare Shower With out lips and Provide Me Rails and Shower Chair, ADA Accomodations

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

| X Darren Wilson | N95724 | 7, 5, 19 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

**EMERGENCY REVIEW**

Date Received: 7/8/19

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | 7, 8, 19 |
|---|---|
| Chief Administrative Officer's Signature | Date |



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_Wilson, D._
Name

_N95724_
ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?          (Yes) or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?      Yes or (No)

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?          Yes or (No)

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:      _87_

5. If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

| Name of Document | Number of Pages |
| --- | --- |
| _Complaint_ | _17_ |
| _Motion to Request Counsel_ | _6_ |
| _In Forma Pauperis_ | _6_ |
| _Exhibits_ | _58_ |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.