IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARREN WILSON, #N95724 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00930-SMY |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| SCOTT THOMPSON, | ) | |
| LOVE, | ) | |
| CHRISTINE BROWN, | ) | |
| S. DORTY, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darren Wilson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. (Doc. 1). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff suffers from physical limitations and requires a cane, knee braces, shower chair, handrails, and permits for low bunk and low gallery. He transferred to Pinckneyville on May 2, 2018. On numerous occasions he told prison officials, including Warden Scott Thompson, Warden Love, and Christine Brown, that he needed to be in an ADA cell with handrails. He also made requests for an ADA shower permit. His requests were ignored, and he fell several times in his cell and in the shower. He filed three or four emergency grievances in May 2018 regarding the unsafe conditions and his falls, but was still not moved to an ADA cell. In February 2019, he was finally moved to an ADA cell but was still denied ADA showers. The elevator was not functioning for more than five months in 2019, and Plaintiff suffered pain from walking up and down the stairs because Defendants would not make ramps or fix the elevator.

On April 15, 2019, Plaintiff was transported on a court writ and Defendants failed to provide him with accommodations for his disabilities. He was forced to crawl on his backside to get in and out of the state van and injured his ankle.

On July 3, 2019, Plaintiff was transported on a court writ to Hill Correctional Center ("Hill") and again Defendants failed to provide him with accommodations for his disabilities. After Plaintiff arrived at Hill, he notified the Warden and ADA Coordinator that he needed an ADA cell with handrails, ADA showers, and a shower chair. His requests were denied, and he fell in the shower on July 5, 2019.

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Defendants IDOC, Thompson, Love, and Brown violated Plaintiff's rights under the ADA and/or RA when they deprived

| | |
|---|---|
| | **him of access to showers and a cell that would accommodate his disabilities, failed to accommodate his disabilities during transportation for court writs, and failed to accommodate his disability for access to the law library when the elevator was not functioning.** |
| **Count 2:** | **Defendants IDOC, Thompson, Love, and Brown subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment when they deprived him of access to showers and a cell that would accommodate his disabilities.** |
| **Count 3:** | **Defendant Warden Dorty violated Plaintiff's rights under the ADA and/or RA by depriving Plaintiff access to showers and a cell that would accommodate his disabilities.** |
| **Count 4:** | **Defendant Warden Dorty subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment by depriving Plaintiff access to showers and a cell that would accommodate his disabilities.** |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

## Preliminary Dismissal

Plaintiff makes allegations against Lt. Walls and Warden Jaimet, but those individuals are not identified as defendants in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any intended claims against those individuals are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Because Plaintiff identifies "other unknown agents and contractors of the IDOC" in the

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

case caption, a John Doe Defendant has been docketed. That said, while a plaintiff may use John Doe designations to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal* and *Twombly* unless he describe the "who, what, why, where, and how" that form the basis of the claim against that person (*e.g.* John Doe #1 did X and John Doe #2 did Y). *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the Complaint fails to describe the unknown defendant and any alleged unconstitutional conduct of that individual. As such, Plaintiff fails to state a claim against the John Doe Defendant and that claim will be dismissed.

## Discussion

### Count 1

Plaintiff's allegations are sufficient to state an ADA and/or RA claim. He cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Accordingly, the claim in Count 1 will proceed against IDOC and will be dismissed as to Thompson, Love, and Brown.

### Count 2

Plaintiff's allegations are sufficient to state a claim against Thompson, Love, and Brown for unconstitutional conditions of confinement. However, he cannot proceed with claims for monetary damages against them in their official capacities. *See Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Further, he cannot

maintain his claim against IDOC because it is a state governmental agency that cannot be sued for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). To the extent Plaintiff seeks injunctive relief, Scott Thompson, in his official capacity as the Warden of Pinckneyville, is the proper defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Count 2 will proceed against Thompson in his individual and official capacities and against Love and Brown in their individual capacities. The claim against IDOC will be dismissed with prejudice.

**Counts 3 and 4**

District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And, Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The claims in Counts 3 and 4 involve a different defendant and a separate occurrence that took place at a different prison, and thus cannot proceed in the same lawsuit as Counts 1 and 2. Accordingly, the Court will exercise its discretion and sever Counts 3 and 4 from this case. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607.

**Motion for Recruitment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the

5

Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Although Plaintiff submitted four letters from counsel declining to represent him, three of the letters reflect dates prior to Plaintiff's transfer to Pinckneyville on May 2, 2018.[2] On this record, the Court cannot find that Plaintiff has made reasonable attempts to obtain counsel for the claims in this case. Further, Plaintiff has not identified any impairments to his ability to pursue this action *pro se*. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. The Court finds that Plaintiff can proceed *pro se*, at least for now. The Motion for Recruitment of Counsel (Doc. 3) is denied without prejudice. Plaintiff may renew his request for counsel after attempting to locate counsel on his own for the claims in this case. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel.

### Disposition

**IT IS HEREBY ORDERED** that Counts 3 and 4 are **SEVERED** into a new case against S. Dorty (*Warden #3, Hill Correctional Center*). The Clerk is **DIRECTED** to **FILE** the following documents into the newly severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed in forma pauperis (Doc. 2);

3) Motion for Recruitment of Counsel (Doc. 3); and

---

[2] Two of the letters declining representation are dated in February 2018 and a third letter refers to Plaintiff's inquiry dated April 26, 2018 (Doc. 3, pp. 3, 4, 6).

    4) This Memorandum and Order.

**IT IS HEREBY ORDERED** that Count 1 will proceed against the Illinois Department of Corrections. Count 2 will proceed against Scott Thompson, Love, and Christine Brown, but the official capacity claims against Love and Brown are dismissed without prejudice.

**IT IS FURTHER ORDERED** that S. Dorty and John Doe are **DISMISSED** without prejudice from this case and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for the Illinois Department of Corrections, Scott Thompson (individual and official capacities), Love, and Christine Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 30, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.